## THE STATE OF VIRGINIA.

### In re STATE STEAMSHIP CO.

(District Court, E. D. New York. April 13, 1894.)

SHIPPING—LIMITATION OF LIABILITY.
  Where the British owner of a British ship is proceeded against in an American court by both British and American cargo owners in respect to a loss of cargo occurring in British waters, the extent of his liability is determined by the statutes of the United States, and not those of Great Britian.

This was a petition for limitation of liability for loss of cargo by the steamship State of Virginia, filed by the State Steamship Company.

Wing, Shoudy & Putnam, for petitioner.
Butler, Stillman & Hubbard, for claimants.

BENEDICT, District Judge. In July, 1879, the steamship State of Virginia, owned by the State Steamship Company, and bound for a voyage from New York to Glasgow, with a cargo, stranded on Sable Island. Her cargo sustained damage, for which suits were commenced by certain English underwriters and by certain American underwriters against the owners, in personam, in this court. Thereafter, and before the suits came on for trial, this petition for limitation of liability was filed by the State Steamship Company, and an order was made to appraise the value of the steamship State of Virginia and her pending freight on the voyage, and the interest of the petitioner in the same. The petitioner is a corporation organized under the laws of Great Britain. The steamship State of Virginia was a British vessel. The proofs taken before the commissioner show that the vessel became a wreck, and that the cost of her attempted rescue was greater than the sum realized from the property saved. The commissioner accordingly reported that the steamer and her freight, after the disaster and stranding aforesaid, were of no value. To this finding, exception has been taken, in order to raise the question whether a British owner of a British ship, being proceeded against in an American court by both British and American cargo owners, in respect to a loss of cargo occurring in British waters, can claim the limitation of liability provided by the statutes of the United States, or whether the limitation of this liability is to be determined by the law of Great Britain, there being a statute of Great Britain whereby the liability of a shipowner is limited to eight pounds per ton of gross registered tonnage. No objection being taken to the method adopted for presenting this question for the decision of the court upon this question, I have given it due consideration; and my opinion is that the extent of the liability of the shipowner, in a case like this, is determined by the statutes of the United States, and not by the statutes of Great Britain. The exceptions are therefore overruled.