## THE EAGLE POINT.

### THE BIELA.

(Circuit Court of Appeals, Third Circuit. January 11, 1906.)

#### No. 26.

COLLISION—MEASURE OF DAMAGES RECOVERABLE BY CARGO OWNER—LAW GOVERNING.

Where two British vessels are both held in fault for a collision. on the high seas in a suit in a court of admiralty of the United States. the English law, which permits a cargo owner to recover but half his loss from either vessel, should be applied, and not the American rule, which permits a recovery of full damages from either vessel; such rules of law having relation to the rights and liability of the parties, and not merely to the remedy.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 136 Fed. 1010.

Wilhelmus Mynderse, for appellant.

Charles C. Burlingham and H. G. Ward, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. When this case was here before (120 Fed. 449, 56 C. C. A. 599), we decided that both the Eagle Point and The Biela were at fault in causing the collision between them, which occurred upon the high seas, on October 1, 1900. The opinion of this court upon that occasion stated the circumstances attending the disaster, and further reference to them is not requisite. But there was one point upon which we declined to pass at that time, because it had not been considered by the District Court, and to that court it was referred for determination in the first instance. Such determination has since been made, and to it alone the present appeal is directed.

The question involved was accurately stated by the learned judge below to be "whether certain owners of the Biela's cargo shall have their damages measured by the English or by the American rule. * * * If the English rule is to be applied, the Eagle Point is only liable for one-half of the damages; if the American rule is the proper test, the owners may recover full damages from either vessel." And he correctly conceived that the right solution of this question depends upon whether the English rule referred to concerns a matter of right or of procedure merely. The Eagle Point and the Biela were both British vessels, and with reference to this fact, he appropriately observed:

"It may often be the case that an act done, or fault committed, upon a vessel upon the high seas, may give rise to a right which has its source only

in the law of the flag; and when this is the case, such a right will ordinarily be enforced in the tribunals of another sovereignty, even if the law of the forum differs in this respect."

But he held that the British law in question dealt, not with rights, but only with remedies, and that therefore the law of the forum, and not that of the flag, was applicable to the matter before him. We are unable to accept the premise from which this conclusion was deduced. Unquestionably it is true that forms of remedies and modes of procedure are regulated exclusively by the law of the country whose tribunal is resorted to; but is it also true that a law which limits the liability of one party litigant to another does not concern their respective rights? There have been cases in which it has been found somewhat difficult to distinguish between matter of remedy and matter of right; but in this one, as we view it, that difficulty is not really encountered. The law of Great Britain, in limiting the recovery which may be awarded against either one of two vessels, seems to us plainly to respect a matter of liability or obligation, for it determines the extent of the obligation of each of them. The Belgenland, 114 U. S. 355, 370, 5 Sup. Ct. 860, 29 L. Ed. 152; Slater v. Mexican Nat. Ry. Co., 194 U. S. 120, 126, 24 Sup. Ct. 581, 48 L. Ed. 900. To that law these cargo owners subjected themselves when they placed their goods under the British flag, and though their right to damages as against either vessel, was thereby curtailed, their apportioned claim against each of them was still capable of enforcement by methods of procedure which our own laws authorize. There was, indeed, no question of procedure for consideration when the decree under review was made. The Eagle Point had averred in her answer, that her liability should be ascertained in accordance with the law of Great Britain, and it appears not to have been doubted that the question, as thus raised, was one which the District Court could properly adjudicate. It did in fact adjudicate it, and, in our opinion, the actual effect of its adjudication was not merely to reject a form of remedy, which, under the practice of the court, it could not administer, but to deny a right to which, under the applicable law, the appellant was entitled. The Scotland, 105 U. S. 24, 26 L. Ed: 1001.

It results from what has been said that the decree of the District Court must be reversed, with direction for further proceedings in conformity with this opinion; and it is so ordered.