In re OCEANIC STEAM NAVIGATION CO.

Appeal of LONG ISLAND LOAN & TRUST CO.

(Circuit Court of Appeals, Second Circuit. February 21, 1913.)

No. 206.

SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—INJUNCTION
—POWER TO MODIFY.

The authority of a court of admiralty, in proceedings for limitation of liability, in case it finds that the petitioner is not entitled to the benefit of the statute, to retain the cause and proceed to adjudicate and enforce the rights of all damage claimants is not clearly settled, and in view of such fact where it is made to appear that the usual order of injunction granted as of course under the rules, restraining the commencement or further prosecution of suits by such claimants may possibly deprive claimants of all remedy, as where there are claims for loss of life which will become barred by limitation before the right of petitioner to a limitation of liability can be determined, the court has power to modify its injunction to the extent of permitting the formal commencement of suits to preserve the rights of claimants.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*

Limitations of shipowner's liability, see note to The Longfellow, 45 C. C. A. 387.]

Appeal from the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

In the matter of the petition of the Oceanic Steam Navigation Company, as owner of the steamship Titanic, for limitation of liability. From an order denying a motion to modify an order, entered in limitation of liability proceedings, restraining the bringing and prosecution of suits, the Long Island Loan & Trust Company, as executor, appeals. Modified.

The appellant is executor of the will of Wyckoff Van Derhoef, who lost his life in the Titanic disaster, and claims to have a cause of action therefor against the owner, the Oceanic Steam Navigation Company, the petitioner in the limitation of liability proceedings.

See, also, 204 Fed. 259, 295.

Hunt, Hill & Betts, of New York City (G. W. Betts and F. H. Kinnicutt, both of New York City, of counsel), for appellant.

Burlingham, Montgomery & Beecher, of New York City (Charles C. Burlingham, J. Parker Kirlin, and N. B. Beecher, all of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. No question is made that the appellant will lose its right of action for the death of its decedent, if an action be not commenced within 12 months from the death, viz., before April 15, 1913. There is also no question that it cannot be determined before that time whether the petitioner is entitled to limit its liability under the statute. Therefore, in case it should be determined that the pe-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

titioner is not entitled to limit its liability, and that the limitation of liability proceedings cannot then be employed to enforce full liability, the appellant will, by reason of the pending injunction, lose its cause of action. Consequently the appellant contends that the injunction should be so modified that it may at least commence a suit, and so guard its rights.

If the law were well settled that the District Court has not only complete authority to determine the application of the limitation statute, but that, when it finds a petitioner not entitled to benefit by it, it may proceed to enforce the rights of all concerned, there would be no occasion for any change in the injunction. But the law upon this question cannot be regarded as definitely settled, and it seems inexpedient upon an appeal from an order of this kind to attempt to settle it, especially in view of the fact that our decision, if in favor of the appellee, can never be effectively reviewed. Besides, the question may never arise in the proceedings themselves. The petitioner may be permitted to limit its liability. If by the application of equitable principles—which are open to us in these proceedings—we can determine the question now before us, we think it our duty to do so.

In our opinion it is possible to do equity and grant relief in a case where the broad terms of an injunction may, if permitted to stand, operate to destroy many causes of action while their modification can occasion only inconvenience. And we think this relief can be granted without contravening any statute, rule, or established principle. The statute undoubtedly intends that the District Court shall have complete jurisdiction of limitation proceedings and that no other court shall interfere with it. To make such purpose effective the rule of the Supreme Court provides for restraining the prosecution of suits. The jurisdiction of the District Court is, in a broad sense, exclusive. But in our opinion it is not so absolutely exclusive as to tie the hands of the court itself, and prevent it from modifying its injunctive orders, so as to permit technical action in other tribunals not inconsistent with the full exercise of its authority. To permit the formal commencement of suits, but to stay their prosecution, is merely to permit a precautionary step—little more than a notice—and is not to interfere with the jurisdiction of the District Court. If the court should find the petitioner entitled to the benefit of the statute, the suits would end. If the court should deny the petitioner the benefit of the statute, and then assume exclusive jurisdiction to determine and enforce full liability, the suits would likewise end. It would be only in case the court should, after rejecting the application of the statute, find that it could not further proceed, or could proceed only co-ordinately with other tribunals, that the suits would be important. And they might then become important enough to prevent a failure of justice.

For these reasons, the injunction, with respect to all death claimants, may be modified, so as to permit the mere commencement of suits by summons or equivalent process, but otherwise it will stand. It will not be so modified as to permit attachments; that remedy not being essential to the preservation of the cause of action. Costs of this appeal are awarded to the appellant.