## NEW YORK CENTRAL RAILROAD COMPANY *v.* CHISHOLM, ADMINISTRATOR.

ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 306. Argued March 19, 20, 1925.—Decided April 13, 1925.

1. The right of action given by the Employers' Liability Act is based wholly on tort. P. 31.

2. Legislation is presumptively territorial, and, in the case of this statute, an intention to give it extraterritorial effect is neither disclosed in its words nor inferable from circumstances. P. 31.

3. An employee of an American railroad company was fatally injured while operating on its line in Canada, and his administrator brought an action in this country for damages under the Liability Act, alleging negligence. The plaintiff and the decedent, like the carrier, were citizens of the United States. *Held,* upon a construction of the act, and without considering the power of Congress to impose civil liability on citizens of the United States for torts committed in alien territory, that the action would not lie.

QUESTION certified by the Circuit Court of Appeals, arising on review of a judgment for damages recovered in the District Court by the administrator of a deceased railway employee, in an action under the Employers' Liability Act.

*Mr. Lowell A. Mayberry,* for the New York Central Railroad.

*Mr. William H. Lewis,* with whom *Mr. William F. Kane* and *Mr. Charles H. Houston* were on the brief, for Chisholm.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

On November 9, 1920, McTier, a citizen of the United States, while employed on a passenger train operated by the New York Central Railroad Company between Malone, N. Y., and Montreal, Canada, suffered fatal injuries at a point thirty miles north of the international line. His administrator, also a citizen of the United States, claiming damages under the Federal Employers' Liability Act of April 22, 1908, (c. 149, 35 Stat. 65) as amended April 5, 1910, (c. 143, 36 Stat. 291), brought an action in the United States District Court for Massachusetts and recovered a judgment for three thousand dollars. This went for review to the court below, and it has asked instruction on the question which follows. *Judicial Code, Sec. 239.*

" Has the administrator of an employee of a common carrier, who receives an injury in a foreign country resulting in his death—the employee and the common carrier being at the time engaged in foreign commerce and both citizens of the United States—a right of action under the Federal Employers' Liability Act, or must he rely on the law or statute of the foreign country where the alleged act of negligence occurred or the cause of action arose?"

The Liability Act declares that every common carrier by railroad while engaging in interstate or foreign commerce shall be liable to any of its employees, or, in the case of his death, to his personal representative for the benefit of his widow and children, if any; if none, then for his parents; if none, then for his next of kin dependent upon him, for all damages which may result from the negligence of any of its officers, agents, or employees, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works.

And Section 6 provides—" Under this Act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several States, and no case arising under this Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

It is unnecessary for us to consider the power of Congress to impose civil liability upon citizens of the United States for torts committed within the territory of another nation. The present case presents nothing beyond a question of construction.

The statute under consideration lacks the essential characteristics of those, now very common, which provide for compensation to employees injured in the line of duty irrespective of the master's fault. It only undertakes to impose liability for negligence which must be shown by proof (*Southern Ry.* v. *Gray,* 241 U. S. 333, 339; *New York Central R. R.* v. *Winfield,* 244 U. S. 147, 150) and demands under it are based wholly upon tort.

It contains no words which definitely disclose an intention to give it extraterritorial effect, nor do the circumstances require an inference of such purpose. *United States* v. *Bowman,* 260 U. S. 94, 98. " Legislation is presumptively territorial and confined to limits over which the law-making power has jurisdiction." *Sandberg* v. *McDonald,* 248 U. S. 185, 195.

" The general and almost universal rule is that the character of an act as lawful or unlawful must be determined wholly by the law of the country where the act is done. . . . For another jurisdiction, if it should happen to lay hold of the actor, to treat him according to its

own notions rather than those of the place where he did the acts, not only would be unjust, but would be an interference with the authority of another sovereign, contrary to the comity of nations, which the other state concerned justly might resent. . . . The foregoing considerations would lead in case of doubt to a construction of any statute as intended to be confined in its operation and effect to the territorial limits over which the lawmaker has general and legitimate power. 'All legislation is *prima facie* territorial.'" *American Banana Co.* v *United Fruit Co.,* 213 U. S. 347, 356, 357.

In an action brought in a court of the United States to enforce the liability of a Colorado corporation for injuries wrongfully inflicted upon a citizen of Texas while within the territory of Mexico, this court said: "But when such a liability is enforced in a jurisdiction foreign to the place of the wrongful act, obviously that does not mean that the act in any degree is subject to the *lex fori,* with regard to either its quality or its consequences. On the other hand, it equally little means that the law of the place of the act is operative outside its own territory. The theory of the foreign suit is that although the act complained of was subject to no law having force in the forum, it gave rise to an obligation, an *obligatio,* which, like other obligations, follows the person, and may be enforced wherever the person may be found. . . . But as the only source of this obligation is the law of the place of the act, it follows that that law determines not merely the existence of the obligation, *Smith* v. *Condry,* 1 How. 28, but equally determines its extent." *Slater* v. *Mexican National R. R.,* 194 U. S. 120, 126.

Under the circumstances disclosed the administrator had no right of action based upon the Federal Employers' Liability Act. The carrier was subject only to such obligations as were imposed by the laws and statutes of the country where the alleged act of negligence occurred; and the administrator could not rely upon any others.