**8**

NEW YORK CENTRAL RAILROAD COMPANY, Defendant, Plaintiff in Error, v. Frank P. CHISHOLM, Administrator, Plaintiff, Defendant in Error. (Circuit Court of Appeals, First Circuit. June 12, 1925.) No. 1637. In error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge. Lowell A. Mayberry, of Boston, Mass. (George L. Mayberry and Walter F. Levis, both of Boston, Mass., on the brief), for plaintiff in error. William H. Lewis, of Boston, Mass. (William F. Kane, of Boston, Mass., on the brief), for defendant in error. Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. Having considered the questions involved in this case, and having certified to the Supreme Court the following question of law arising on the facts stated in the record: Has the administrator of an employee of a common carrier, who receives an injury in a foreign country resulting in his death, the employee and the common carrier being at the time

engaged in foreign commerce and both citizens of the United States, a right of action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), or must he rely on the law or statute of the foreign country where the alleged act of negligence occurred or the cause of action arose? And the Supreme Court (45 S. Ct. 402, 69 L. Ed. —) having answered the said question as follows: "The administrator had no right of action based upon the federal Employers' Liability Act. The carrier was subject only to such obligations as were imposed by the laws and statutes of the country where the alleged act of negligence occurred; the administrator could not rely upon the others"—it follows that the judgment of the District Court must be reversed, the verdict set aside, and the case remanded to that court for further proceedings. The judgment of the District Court is reversed, the verdict set aside, and the case remanded to that court for further proceedings, not inconsistent with this opinion, with costs to the plaintiff in error.