### ROYAL MAIL STEAM PACKET CO. v. COMPANHIA DE NAVEGACO LLOYD BRASILEIRO.

District Court, E. D. New York. October 9, 1928.

No. A–10863.

Burlingham, Veeder, Masten & Fearey, of New York City (Van Vechten Veeder and A. Howard Neely, both of New York City, of counsel), for libelant.

Purrington & McConnell, of New York City, for respondent.

CAMPBELL, District Judge. This matter comes before the court on the hearing of exceptions to articles 13 to 21, inclusive, of respondent's amended answer, on the ground that they are insufficient in law. These articles claim the benefit of statutes of the kingdom of Belgium relating to limitation of liability for collision damages.

The libel is filed by the owner of the British steamship Silarus to recover damages sustained in a collision with the Brazilian steamship Almirante Jaceguay in the River Scheldt, near Antwerp, Belgium, on August 24, 1927. Under process of foreign attachment the steamship Atalaia, owned by the respondent, was seized in the Eastern district of New York, and a motion was made by the respondent that this court, in its discretion, decline to take jurisdiction, which was denied.

Thereupon the respondent answered, and set up the same defense as that now considered. To that defense libelant excepted, and in open court respondent submitted to that exception, and consented to the entry of an order striking out that defense. It would therefore seem that respondent had assented to the legal proposition that limitation of liability relates to the remedy, and not to the right or liability, and in this case was governed by the law of the forum.

Thereafter the libelant amended its libel by alleging the law of Belgium, to obtain the benefit of that law with reference to fixing the liability in proportion to the degrees of fault. Thereupon the respondent filed an amended answer, again seeking to obtain the benefit of the statutes of the kingdom of Belgium relating to limitation of liability.

Respondent seeks to justify its pleading on the ground that, libelant having pleaded the Belgian statutory rule that damages will be ordered according to the degree of fault, it is entitled to claim the benefit of the Belgian limitation of liability statute, and that this is in accordance with the holding of our courts. The right of the libelant to amend, as hereinbefore stated, cannot now be raised, as the respondent did not except to the amended libel.

In any event, the amendment was properly allowed, as the measure, elements, and extent of the damages given by the lex loci pertain to the substance of the right, not to the remedy. Smith v. Condry, 1 How. 28, 11 L. Ed. 35; American Banana Co. v. United Fruit Co., 213 U. S. 348, 355, 29 S. Ct. 511, 53 L. Ed. 826, 16 Ann. Cas. 1047; New York Central R. Co. v. Chisholm, 268 U. S. 29, 32, 45 S. Ct. 402, 69 L. Ed. 828, 38 A. L. R. 1048; Western Union Telegraph Co. v. Brown, 234 U. S. 542, 34 S. Ct. 955, 58 L. Ed. 1457; Slater v. Mexican National R. Co., 194 U. S. 120, 24 S. Ct. 581, 48 L. Ed. 900; Lauria v. E. I. Du Ponte de Nemours & Co. (D. C.) 241 F. 687; The Eagle Point (C. C. A.) 142 F. 453.

The fact that libelant amended, alleging the Belgian statutory rule that damages will be ordered according to the degree of fault, does not change the respondent's position, because the weight of authority in our courts seems to be that, while the rights and liabilities of the parties will be determined in accordance with the law of the foreign country, the right to limit liability will be controlled by the limited liability statute of our country, which will be applied to foreign ships and foreign collisions. The Scotland, 105 U. S. 24, 26 L. Ed. 1001; La Bourgogne, 210 U. S. 95, 28 S. Ct. 664, 52 L. Ed. 973; The Titanic v. Mellor, 233 U. S. 718, 731, 34 S. Ct. 754, 58 L. Ed. 1171, L. R. A. 1916B, 637.

The Limited Liability Act of the United States (46 USCA §§ 181–195) does not impose, but only limits, an existing liability, and is not a part of the general maritime law, but is a declaration of general policy of the United States for the administration of justice in maritime cases. It relates not to the right or liability, but to the remedy, and that is governed by the law of the forum.

It is immaterial whether the collision took place on the high seas or in the territorial waters of Belgium, as in either event our courts will limit the liability in accordance with the statutes of the United States. The State of Virginia (D. C.) 60 F. 1018.

The exceptions are sustained.