**EBELING v. FOSTER & KLEISER CO.**
et al.
No. 418.

District Court, W. D. Washington, N. D.
Nov. 9, 1935.

Glenn R. Madison, of Bellingham, Wash., and Roy E. Jackson, of Seattle, Wash., for plaintiff.

Herbert W. Clark (of Morrison, Hohfeld, Foerster, Shuman & Clark), of San Francisco, Cal., for Foster & Kleiser Co.

Stephen V. Carey (of Kerr, McCord & Carey), of Seattle, Wash., for Gerald O'Neil and Arthur Gerbel, Jr.

NETERER, District Judge.

Plaintiff seeks treble damages under section 7 of the Sherman Anti-Trust Act, (15 USCA § 15 note). Motion is made to strike and make more definite and certain.

■ It should be stated at the outset that "section 7 of the Anti-Trust Act gives a right of action to one who has been 'injured in his business or property.'" Again, "Recovery cannot be had unless it is shown, that, as a result of defendant's acts, damages in some amount susceptible of expression in figures resulted. . . These damages must be proved by facts from which their existence is logically and legally inferable. They cannot be supplied by conjecture." Keogh v. Chicago & N. W. Ry. Co., 260 U. S. 156, 163, 165, 43 S. Ct. 47, 49, 67 L. Ed. 183.

■ .Damages may only be recovered when they are pleaded.

■ The motion is granted to require the plaintiff to state in what states or localities, other than in Bellingham, the plaintiff transacted interstate commerce, and the acts, transactions, which are claimed to constitute interstate commerce.

■ That paragraph II, page 3, line 1, "And was and has been engaged in Interstate Commerce between the various States of the United States," be made more definite by stating what acts were done constituting commerce between the states; and that matters relating to the defendants O'Neill and Gerbel, Jr., be stricken.

Paragraphs IV, VI, VII, XII, XIII, and XV are stricken.

■ Paragraph VIII is stricken to and including the word "California" on line 18 of page 9, and the motion to make paragraph VIII more definite and certain is granted; that acts claimed to constitute plan, scheme, or conspiracy to restrain or monopolize interstate commerce, be set forth. Billboard advertising, of itself, is intrastate. Packer Corporation v. Utah, 285 U. S. 105, at page 110, 52 S. Ct. 273, 76 L. Ed. 643, 79 A. L. R. 546. And that the persons and corporations with whom confederation to monopolize interstate commerce is claimed be named. A conspiracy with intent to restrain interstate commerce is obnoxious to the law. New York Central R. Co. v. Chisholm, 268 U. S. 29, 45 S. Ct. 402, 69 L. Ed. 828, 38 A. L. R. 1048; A. L. A. Schechter Poultry Corp. v. U. S., 295 U. S. 495, 547, 55 S. Ct. 837, 79 L. Ed. 1570, 97 A. L. R. 947.

■ The first subdivision of paragraph IX is stricken. Plaintiff will set out in said paragraph the additional bulletins referred to in the second subdivision of said paragraph, or furnish to the defendants a bill of particulars.

■ Conclusions or argumentative pleading tenders no issue of fact. This is a private controversy, not a prosecution for the common good, and overt acts must be pleaded upon which to ground the statutory liability to the plaintiff. The plaintiff must show injury to business or property. Keogh v. Chicago & Northwestern Ry. Co. et al., 260 U. S. 156, 43 S. Ct. 47, 67 L. Ed. 183. The fact that plaintiff is engaged in like business is not material, unless he has been injured directly, aside from injury common to all. It is not sufficient to allege things forbidden by the Sherman Anti-Trust Law, USCA, title 15, §§ 1–7, 15 note. He must allege nature and character of the injury. American Sea Green Slate Co. et al. v. O'Halloran et al.

(C. C. A.) 229 F. 77; Noyes v. Parsons et al. (C. C. A.) 245 F. 689; Alexander Milburn Co. v. Union Carbide & Carbon Corp. et al. (C. C. A.) 15 F.(2d) 678. The wrongful act must be specific and the natural and probable effect of the combination and conduct with relation to plaintiff's business, and this must be facts directly related to the defendants' conduct from which damages are logically and legally inferable and not merely conjecture; and must be by the exercise of existing power, not merely that the power existed. Buckeye Powder Co. v. E. I. DuPont de Nemours Powder Co., 248 U. S. 55, 39 S. Ct. 38, 63 L. Ed. 123.

■ It is not sufficient to plead aggressive and efficient management in matters purely local, but therewith must be shown confederation with interstate commerce, correlated with the local matters, all for the purpose of, and do, monopolize trade or commerce which logically and legally does hurt to the plaintiff as the proximate cause, resulting in damages susceptible of expression in figures.

■ If jurisdiction of the court depends on diversity of citizenship, it must be positively alleged and proven. If proof should fail, jurisdiction fails and dismissal must follow. Charroin v. Romort Mfg. Co. (D. C.) 236 F. 1011. The allegation of residence of certain defendants is immaterial. All other parts of the motion are denied.