## In re AGWI NAV. CO. et al.
### No. 334.

Circuit Court of Appeals, Second Circuit.
April 5, 1937.

‑Battle, Levy, Fowler & Neaman, of New York City, for appellant.

Burlingham, Veeder, Clark & Hupper, of New York City, for petitioners-appellees.

Bigham, Englar, Jones & Houston, of New York City . (Oscar R. Houston and Charles A. Van Hagen, Jr., both of New York City, of counsel), for certain claimants-appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Camilla E. Conroy, a passenger on the ill-fated Morro Castle, lost her life in the disaster which overwhelmed that vessel on September 8, 1934. On October 5, 1934, her surviving sisters and next of kin gave written notice to the owner and charterer of the vessel, making claim for their sister's death and for the loss of personal property she had with her. In reply they were advised that a petition for limitation of liability had been filed and all persons were restrained from instituting legal actions. The time within which to file claims in the limitation proceeding expired, after extensions from time to time, on June 30, 1935. Thereafter on September 25, 1936, the administrator of the estate of Camilla E. Conroy served notice on the proctors for the petitioners of a motion for leave to file nunc pro tunc as of June 30, 1935, a claim for the death of his decedent. This appeal is from an order denying the administrator's motion.

There can be no doubt that the death claim was presented too late to be allowable. The statute which creates the right to recover for death on the high seas by wrongful act provides that "suit shall be begun within two years from the date of such wrongful act." 46 U.S.C.A. § 763. In such statutes a specification of a time for bringing suit is not merely a limitation of the remedy, but is a condition upon the right itself. The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358; Western Fuel Co. v. Garcia, 257 U.S. 233, 243, 42 S.Ct. 89, 66 L.Ed. 210; Am.L.Inst.Conflicts of Laws, § 397. It is too clear for argument that sending a notice of claim to the vessel's owner did not begin a suit. It is equally clear that the pendency of the limitation proceedings did not stop the running of the statutory time, expiration of which, without the bringing of suit or the filing of a claim in the limitation proceedings, would extinguish the cause of action. The Princess Sophia, 61 F.(2d) 339, 354 (C.C.A.9); In re Oceanic Steam Nav. Co., 204 F. 260 (C. C.A.2); Petition of Clinchfield Nav. Co., 26 F.(2d) 290 (D.C.S.D.N.Y.).

The appellant contends that in any event he should have been allowed to file a claim for loss of the decedent's personal effects, valued at $750, since the statute of limitation as to such.a cause of action is six years. This question does not appear to have been presented to the district court; nor is it specifically raised by any assignment of error. But even if it were deemed open for consideration by this court, the record does not show adequate reasons for lifting the bar order entered in the limitation proceedings. The notice of claim given to the company by the decedent's surviving sisters could not by any stretch of imagination be deemed a filing of the claim in these proceedings. It shows, however that the parties in interest had knowledge of the claim and of the proceedings, and had consulted an attorney early in October, 1934. While the administrator was not appointed until

September 19, 1936, and moved promptly thereafter, no explanation is given why he should not have been appointed earlier so as to have presented the claim within the time limited. Claimants who did file their claims in the proceedings have negotiated a settlement with the petitioners. No reason is apparent why the appellant should be allowed to share in the settlement fund without any excuse shown for his long delay in getting into the proceedings.

Order affirmed.