Petition of COMPANHIA DE NAVEGACAO LLOYD BRASILEIRO.

THE MANDU.

No. 12172.

District Court, E. D. New York.
Dec. 6, 1937.

Single & Tyler, of New York City, for claimants.

Purrington & McConnell, of New York City, for petitioner.

INCH, District Judge.

The immediate issue to be decided arises from a large number of claims filed in this limitation proceeding and the exceptions and exceptive allegations duly filed thereto. Is there present a single claimant or plaintiff who would be competent to sue in this jurisdiction?

Reference here should be made to what has previously taken place in this proceeding.

About eight years ago a collision occurred in the harbor of Santos, Brazil, between a Brazilian ship, Mandu, owned by petitioner, and a German ship, Denderah. The Denderah was damaged and likewise her cargo. So far as can be ascertained from the record before me, the German shipowner has never sued the Brazilian ship Mandu or her owner. The various insurers of the cargo on the German ship made good the loss to the cargo owners. The above claims represent an effort to recover these payments.

The collision occurred July 31, 1929. On June 3, 1930, while the Mandu was in the port of New York, a United States citizen, the Great American Insurance Company, filed a libel against her. Exceptions to this libel were sustained, but upon the return of the Mandu to New York in October, 1930, the same United States citizen again libeled the ship and thereafter, on December 10, 1930, the petitioner, as shipowner of the Mandu, filed this petition for limitation or exoneration. A stipulation for value thereafter took the place of the vessel. The sole claim filed was by this Insurance Company.

Various proceedings then followed in the form of motions, exceptions, etc., and finally the limitation proceeding came on to be heard during the spring of 1937. At this trial the petitioner promptly asserted that the sole claimant, the United States citizen, the Great American Insurance Company, had no capacity to sue or file a claim and asked that this claim be dismissed and that petitioner be allowed to withdraw its action for limitation. On July 21, 1937, this court decided that such claim was invalid. It denied, however, the right of petitioner to then withdraw its petition and discontinue the action, retained jurisdiction of the proceeding by providing, for reasons stated, an opportunity to any bona fide claimant, having capacity to sue, to file such claim within sixty days (October 1, 1937).

■ In view of the argument by claimants that the issues now raised have previously been decided, a brief reference to said decision of July 21, 1937, should here be made.

The sole issue there decided was whether the sole claimant, the United States citizen, the Great American Insurance Company, was the real party in interest and had the right to prove a claim? The court decided that it was not and had no such right.

The issues now raised as to the new claims were not before the court and could not properly be decided at that time.

There is no doubt but that the United States citizen was endeavoring to represent foreign underwriters by allegations which were either not proved or shown to be false, but in no instance could this claim of the United States citizen be held a claim filed in a representative capacity. On the contrary, it was one filed in its own alleged right. This claim was held to be invalid and not capable of amendment.

There is no longer before the court any claim by a United States citizen.

All the claims now sought to be enforced are those of foreign underwriters of cargo on a German ship damaged in a collision with another foreign ship in foreign waters.

An entirely different situation therefore is now presented to that which was before the court when it passed upon the sole alleged claim of the United States citizen. No attempt has been made by such citizen to file a new claim.

To be sure, the court stated in its decision, there was no doubt but that there had been a substantial loss occasioned by the collision and that it seemed to the court, in its discretion, it would be "most unjust to close the door upon a proper claimant or claimants unless it was absolutely necessary and equitable to do so"; but the court also stated, "whether or not they or any claims will be or could be proved is not necessary now to determine."

The court further indicated, "There is no telling that, because of this lapse of time, rights otherwise sought to be enforced might be barred. * * * That if * * * a bona fide claimant now appeared and asked leave to open its default * * * this court would * * * allow same," but it also stated, "that a claimant must be competent to sue. * * * The nature of a claimant is that of a plaintiff or libellant." The Titanic (C.C.A.) 225 F. 747; In re Davidson S. S. Co. (D.C.) 133 F. 411; The John H. Starin (C.C.A.) 191 F. 800; The S. S. Hewitt (D.C.) 284 F. 911; The Princess Sophia (C.C.A.) 61 F.2d 339, certiorari denied Brace v. Canadian Pac. Ry. Co., 288 U.S. 604, 53 S.Ct. 396, 77 L.Ed. 980.

Finally, the court stated: "If, during this time, a valid claim is duly filed, then

the court will take up the consideration of the remaining question of liability, if any. * * * If, however, in spite of this extension, there still remains only this present invalid claim, then such claim will be dismissed and the Ship-Owner will be allowed to withdraw its petition."

We now come to the present·issues which have heretofore not been before the court for decision. Has any claim now been filed by a claimant having capacity to sue? As has been said, no claim has been filed by a United States citizen. All of the claims are those of foreign underwriters. Under such conditions it can be well argued that this court should now refuse further jurisdiction to such claimants. Fairgrieve et al. v. Marine Insurance Company (C.C.A.) 94 F. 686; Firemen's Insurance Co. v. Bremner (C.C.A.) 25 F.2d 75; The Tricolor (D.C.) 1 F.Supp. 934, affirmed U. S. Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 65 F.2d 392 (C.C.A.2).

However, there appears to me to be an additional reason for now granting the request of the petitioner which, until the necessity for decision arose, was but incidentally considered by me. This reason is that I am convinced that each of the claims now filed would be barred by the laches of claimants. The original claimant acted with reasonable promptness but not so these present claimants.

It is the law of this case, made so by my associate judge of this district, The Mandu (D.C.) 15 F.Supp. 627, that the Treaty between Germany and Brazil, known as the International Convention for the Unification of Certain Rules of Law in Regard to Collision, hereinafter referred to as the Brussels Convention, governs this suit. Such decision therefore is followed by me.

With but one or two exceptions the present claimants are German claimants and are plainly governed by the Treaty where, as here, a Brazilian ship is sued. There is also authority for holding that the exceptions are also, the cargo being on a German ship. The Eagle Point (C.C.A.) 142 F. 453, certiorari denied Liverpool, Brazil & River Plate Steam Nav. Co. v. The Eagle Point, 201 U.S. 644; 26 S.Ct. 760, 50 L.Ed. 902. In any event, the mere presence of such claims would not be sufficient to compel retaining jurisdiction.

This Convention gave the present claimants two years in which to sue. During these two years after the collision they made no effort whatever to sue. Even the law of the State of New York cannot be availed of (at one time six years after the accident and since reduced to three years). The Sydfold (C.C.A.) 86 F.2d 611; Davis et al. v. Smokeless Fuel Co. (C.C.A.) 196 F. 753; Nolte et al..v. Hudson Nav. Co. (C.C.A.) 297 F. 758. These claims are now sought to be enforced eight years after the accident.

The pendency of a limitation proceeding does not prevent the running of a statute of limitation. The Princess Sophia, 61 F.2d 339-354 (C.C.A.9); In re Oceanic Steam Navigation Co., 204 F. 260 (C.C.A. 2); In re Agwi Nav. Co. (In re Morro Castle) (C.C.A.) 89 F.2d 11, 1937 A.M.C. 546.

It is apparent that the Mandu was repeatedly within this jurisdiction. In fact, she was twice libeled by the United States citizen within a period of two years from the date of the collision. No valid ground for a suspension or interruption of the limitation period has been shown. On the contrary, it plainly appears that these foreign creditors have made no effort to collect what is now claimed to be due. The only real activity has been that of a United States citizen who appeared to represent these foreign creditors, but had no legal right to represent them. All of this could have been easily considered by these foreign claimants in ample time to protect their rights, if any, and this late effort to arouse their interest in this proceeding must, it seems to me, now be unavailing because of laches. Fiannacca v. Booth & Co., Inc. (D.C.) 39 F.2d 639, affirmed (C.C.A.) 46 F.2d 1014; Pan-Amercan Trading Co. v. Franquiz (D. C. 8 F.2d 500.

The argument of claimants is confined to two claims, the Siemens and Wurttenberg claims, legal title to which I shall assume exists in these claimants, but they are both German nationals and are guilty of laches. They never did more than attempt to make the United States citizen a mere collection agent without title.

This is not a case of different parties to an otherwise valid claim. These claims are entirely new in this proceeding. They are not filed nunc pro tunc. Cuebas, etc., v. Cuebas, etc., 223 F. 376–390, 32 S.Ct. 277, 56 L.Ed. 476; The Bayonne, 159 U.S. 687–692, 16 S.Ct. 185, 40 L.Ed. 305.

The merits of the collision have not been determined and there is no fund, as

yet, awaiting distribution. In re Liverpool, Brazil & River Plate Steam Nav. Co. et al. (C.C.A.) 57 F.2d 176:

In such circumstances, where there is present no claim capable of being sued upon, a situation is presented where the court should no longer retain jurisdiction of this action. The petitioner renews its request that it be permitted to withdraw its petition. I can see no legal prejudice that can result to these claimants by granting such request. Surely the sixty days' extension allowed by the court is insufficient in the face of the eight years failure to act.

Accordingly, it seems to me that the petitioner has the right to now withdraw and discontinue. Pullman's Palace-Car Co. v. Central Transportation Co., 171 U.S. 138, 18 S.Ct. 808, 43 L.Ed. 108; Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015.

Let an order be made dismissing the original invalid claim of the Great American Insurance Company and permitting the petitioner to withdraw its petition and discontinue the action and cancelling its stipulations for value. The court declines further jurisdiction.