**SHURTZ v. FOSTER & KLEISER CO. et al.**
**No. 19795—S.**

District Court, N. D. California, S. D.
Feb. 2, 1939.

Glensor, Clewe, Schofield & Van Dine, of San Francisco, Cal., for plaintiff.

Morrison, Hohfeld, Foerster, Shuman & Clark, of San Francisco, Cal., for defendants.

ST. SURE, District Judge.

This is an action for damages under the act of July 2, 1890, Sherman Anti-Trust Act 15 U.S.C.A. §§ 1–7, 15 note, and the act of October 15, 1914, Clayton Act 38 Stat. 730, charging a conspiracy to monopolize and restrain trade in interstate commerce, as related to the business of outdoor advertising in the states of California, Oregon, Washington, and elsewhere in the United States.

The following descriptive sub-headings contained in the forty-five page complaint will give some idea of its contents: "The Parties"; "General Description of the Business of Outdoor Advertising and Methods used in Conducting the Same"; "The Jurisdiction of this Court"; "The Monopoly, Attempt to Monopolize and Conspiracy to Restrain and Monopolize the Business of Out Door Advertising and Certain Parts Thereof"; "Organizations and Corporations Used by the Conspirators in Furthering and Carrying Out the Conspiracy and Monopoly"; "National Outdoor Advertising Bureau"; "The Relationship of Foster and Kleiser, National Outdoor Advertising Bureau and the Cusack Companies Prior to 1925"; "The Relationship of Foster and Kleiser, The National Outdoor Advertising Bureau, George W. Kleiser, and the General Outdoor Advertising Co."; "The Monopoly as Effected by the Relationship of Foster and Kleiser and the Cusack Company; Foster and Kleiser and the General Company; The Bureau"; "Acts of the Conspirators Directed Against Independents for the Purpose of Preventing Said Independents from Acquiring Sites, Making up Showings and Engaging in Poster Business, also to Prevent them from Securing Local as well as National Business"; "The Monopoly as Furthered and Effected by Acquisition of Competing Plants"; "Facts Tolling the Statute of Limitations."

Rule 8 of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides, what a pleading shall contain: (a) "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends," etc. "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," etc. "(3) a demand for judgment for the relief," etc. The new rules are applicable although adopted after the complaint was filed.

Defendants have moved (1) to dismiss the action for failure to state a claim upon which relief can be granted, and (2) to dismiss for lack of jurisdiction over the subject matter, (3) to make more definite and certain, and (4) to strike out portions of the complaint. There is also before the court a motion of W. E. Dean to set aside order denying leave to amend entered on March 7, 1936, or in the alternative to permit intervention.

Plaintiff's complaint is almost wholly devoted to an argumentative statement of his theory of the case, the history of outdoor advertising, and is replete with conclusions of law. There is a striking similarity between this case and that of Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742, certiorari denied, 299 U.S. 613, 57 S.Ct. 315, 81 L.Ed. 452, where it was held that the complaint did not state a cause of action within the jurisdiction of the Federal court.

As pointed out by counsel for defendants, the only allegations in the com-

plaint which come near stating a cause of action are those alleged in paragraphs XXII and XXIII, where it is alleged generally that the independents, including plaintiff, were by threats obstructed and hindered in their business. But "this is a private controversy, not a prosecution for the common good, and overt acts must be pleaded upon which to ground the statutory liability to the plaintiff. The plaintiff must show injury to business or property. Keogh v. Chicago & Northwestern Ry. Co. et al., 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183. The fact that plaintiff is engaged in like business is not material, unless he has been injured directly, aside from injury common to all." Ebeling v. Foster & Kleiser Co., D.C., 12 F.Supp. 489, 490.

Testing the complaint by the law as laid down in the books, it is apparent that it does not state a claim upon which relief can be granted. See Foster & Kleiser Co. v. Special Site Sign Co., supra; Ebeling v. Foster & Kleiser Co., supra; Alexander Milburn Co. v. Union Carbide & Carbon Corp., 4 Cir., 15 F.2d 678, 680; Gerli v. Silk Ass'n, of America, D.C., 36 F.2d 959, 960.

Dean moves to set aside the order made by this court on March 7, 1936, sustaining as to him as trustee in bankruptcy of the estate of Alonzo Coleman Shurtz defendants' demurrer to amended complaint without leave to amend. The motion is based upon the ground that the portion of said order denying leave to amend was an error arising from oversight or omission. Rule 60 of the Rules of Civil Procedure is cited in support of the application, but the rule is not in point as it applies only to clerical mistakes; inadvertence; surprise, and excusable neglect, with time limitation of six months. None of these obtain here. This court, of its own knowledge, knows that the order was not made as the result of any "oversight or omission." The ruling is complained of for the first time two years and nine months after it was made. It may be that the trustee in bankruptcy has, in fact, abandoned his claim, if any.

The alternative application of Dean that he be allowed to intervene under Rule 24 is likewise untenable under the circumstances.

The motion of the defendants to dismiss for failure to state a claim upon which relief can be granted, will be granted. The motion of W. E. Dean to set aside the order of March 7, 1936, or in the alternative to permit him to intervene, will be denied. Plaintiff will be allowed twenty days in which to amend his complaint.