**Petition of UNITED STATES.**

**In re AMERICAN EXPORT LINES, Inc.**

United States District Court
S. D. New York.
June 11, 1954.

742

J. Edward Lumbard, U. S. Atty., New York City, for U. S.

Jacob Rassner, New York City, in opposition.

GODDARD, District Judge.

On September 8, 1948, the government filed a petition for exoneration from, or limitation of, liability arising out of the loss of the Motor Vessel Sawokla. The Sawokla, owned and operated by the United States, was sunk on November 29, 1942 by a German surface raider, and the master, fifteen members of the crew, and four of its Navy personnel were lost. The survivors were imprisoned by the enemy until September, 1945, when they were returned to this country.

The government moves to dismiss the claims in this proceeding of certain claimants on the ground that they are barred by the statute of limitation.

Claimants, Roland, Houk, and Zander, were survivors who were imprisoned by the Japanese, released by September 15, 1945, and were back in this country by October 3, 1945. Roland was an officer of the vessel; Houk, a member of the crew; and Zander was an enlisted man in the Navy, stationed on the vessel.

Claimants, Christensen, Floyd, and Wink, are the personal representatives of the estates of their respective intestates. Each had been notified of the death of their decedent on or about January 21, 1943, and each had been appointed administratrix of their respective dece-

dent's estate, by April 29, 1944 at the latest.

Each of these claims was filed on December 13, 1948.

■ Suits against the United States under the Public Vessels Act, 46 U.S.C.A. §§ 781–790, are governed by the two-year period of limitation provided in the Suits in Admiralty Act, § 5, 46 U.S.C.A. § 745. The cause of action accrues as of the date of death. Riley v. Southern Transportation Co., D.C., 90 F.Supp. 842. The pendency of a limitation proceeding does not stop the running of the statutory time, expiration of which, without the bringing of suit or the filing of a claim in the limitation proceeding, would extinguish the claim. In re Agwi Navigation Company, 2 Cir., 1937, 89 F.2d 11; Petition of United States, D.C., 92 F. Supp. 495.

In Osbourne v. United States, 2 Cir., 1947, 164 F.2d 767, 768, the court declared:

"Filing a complaint within the prescribed period is a condition precedent to recovery, and the cause of action is extinguished after the running of the period."

However, in that case, it was held that where a seaman was imprisoned by an enemy in time of war, the limitation period of the Suits in Admiralty Act is tolled during that time.

■ In the case at bar, the period of limitation of two years has clearly run on all of these claims since even those who were survivors allowed more than three years to lapse after their repatriation to this country before they filed their claims.

■■ The contention that petitioner misled the claimants by informing them that the vessel was lost due to enemy action without admitting its alleged negligence, merits little discussion. It has been, and is now, petitioner's position that it was in no way negligent. The burden is on the claimants to show that their claims are timely. Cf. Corporation of the Royal Exchange Assurance v. United States, 2 Cir., 1935, 75 F.2d 478.

It is not shown in any way that the petitioner deliberately withheld facts, nor even that the claimants sought to ascertain the facts in time. The cases of Scarborough v. Atlanta Coast Line R. Co., 4 Cir., 1953, 178 F.2d 253, 15 A.L.R. 2d 491, cf. also, 4 Cir., 1951, 190 F.2d 935, and 4 Cir., 1953, 202 F.2d 84, and the case of Fravel v. Pennsylvania R. Co., D.C., 104 F.Supp. 84, are clearly inapposite.

I think the motions to dismiss must be granted.

Settle order on notice.