Oscar E. COX, Plaintiff-Appellant,

v.

CHESAPEAKE OHIO RAILROAD COMPANY, a corporation, Defendant-Appellee.

No. 73–1304.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 29, 1973.

Decided March 14, 1974.

Certiorari Denied June 17, 1974.
See 94 S.Ct. 3184.

Bruce H. Keidan, Keidan & Keidan, Southfield, Mich., for plaintiff-appellant.

Robert A. Straub, Southfield, Mich., for defendant-appellee.

Before CELEBREZZE and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a summary judgment entered in favor of defendant. Plaintiff sued his railroad employer under the Federal Employers' Liability Act, 45 U.S.C. § 51, (hereinafter "F.E.L.A.") for injuries sustained while performing voluntary overtime work as a wrecker in defendant's Canadian operations. Normally, plaintiff worked in and around Detroit and did not, except on this one occasion, cross into Canada.

Defendant filed a motion to dismiss on the grounds that F.E.L.A. does not apply to railroad employees injured outside the territorial United States. After receiving briefs and hearing oral argument on this issue the District Court granted defendant's motion to dismiss. Defendant-appellee defends this decision on the authority of New York Central R.R. Co. v. Chisholm, 268 U.S. 29, 45 S. Ct. 402, 69 L.Ed. 828 (1925). In Chisholm, a case strikingly similar on its facts to the one at bar, the Supreme Court, after noting that the "case presents nothing beyond a question of construction," held that F.E.L.A. does not have extraterritorial effect. 268 U.S. at 31, 45 S.Ct. at 402.

Plaintiff-appellant argues that Chisholm does not stand for the proposition that Congress did not intend F.E.L.A. application for railroad employees injured while temporarily working outside the United States, but rather that the decision reflected contemporary conflicts of law principles that stressed lex loci delictus theories. Appellant further asserts that conflicts of law principles have undergone profound changes since 1925, and that under currently accepted theories, variously known as "significant contacts," "significant relations" or "governmental interests" tests, United States law (in this case F.E.L.A.) would be applied.

While it is true, as appellant asserts, that a number of federal[1] and state[2] courts have begun to reject the lex loci delictus test method of determining applicable law, Chisholm remains a firm restriction on the extra territorial application of F.E.L.A. Indeed, the Supreme Court apparently added to this resolve in Lauritzen v. Larsen, 345 U.S. 571, 581, 73 S.Ct. 921, 927, 97 L.Ed. 1254 (1952), wherein it stated that, "[w]e have held [F.E.L.A.] not applicable to an American citizen's injury sustained in Canada while in service of an American employer." Appellant has failed to demonstrate any reasonable basis for our holding that the Supreme Court has abandoned the Chisholm decision, however desirable such a course may be.

The District Court correctly determined that it lacked jurisdiction over this case.

The judgment of the District Court is affirmed.

1. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); Romero v. Int'l Term. Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1952) (Jones Act); McClure v. United States Lines Co., 368 F.2d 197 (4th Cir. 1966); Tramontana v. S. A. Empresa De Viacao Aerea Rio Grandense, 121 U.S.App. D.C. 338, 350 F.2d 468 (1965).

2. Reich v. Purcell, 67 Cal.2d 551, 63 Cal. Rptr. 31, 432 P.2d 727 (1967); Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965); Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).