587 F.2d 1030
 Carole C. RENNER, as Administratrix of the Estate of Robert
Ross Renner,
Deceased, Plaintiff-Appellee, Jane Ann Joseph, as Executrix
of the Estate of Max Eugene Joseph, and
Individually, and James David Joseph, a
minor, By and
Through his guardian ad litem, Linda L. Russell,
Plaintiffs-Appellees, Loretta Karr, as Executrix of the
Estate of Richard Karr, and Individually; Ronald Perry Karr,
a minor, and Jennifer Lynn Karr, a minor, By and Through
their guardian ad litem, Linda L. Russell, Plaintiffs-Appellees,
v.
ROCKWELL INTERNATIONAL CORPORATION, Defendant-Appellant.
 No. 76-1441.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 18, 1978.
 
 Gregory A. Long (argued), Los Angeles, Cal., for defendant-appellant.
 Leonard G. Ratner (argued), Los Angeles, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before HUFSTEDLER and TRASK, Circuit Judges, and CLAIBORNE,* District Judge.
 PER CURIAM:
 
 
 1
 We granted an interlocutory appeal, under 28 U.S.C. § 1292(b), to review determinations by the district court in these three wrongful death actions that the plaintiffs can sue under both the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761 Et seq. and the new federal maritime wrongful death remedy created by Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), that certain disputed items of damages could be recovered under the Moragne remedy, and that fraudulent concealment of a cause of action could toll the two-year limitations provision of DOHSA.[1] While this case was pending on appeal, the Supreme Court decided Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978) holding that DOHSA provided the exclusive remedy for wrongful death occurring on the high seas, as defined in section 761 of the Act. Accordingly, we must vacate and remand the cause for reconsideration in the light of Mobil Oil Corp., supra.
 
 
 2
 The only statute of limitations issue before us is whether the district court erred in holding that fraudulent concealment of a cause of action, if proved, will toll the two-year limitation provision of DOHSA.[2] (46 U.S.C. § 763.)[3] All of these actions were filed more than two years after the deaths. Defendant contends that the limitation provision not only bars the action, but also extinguishes the remedy. The defendant's contention is supported by In re Agwi Nav. Co., 89 F.2d 11 (2d Cir. 1937) and Storey v. Garrett Corp., 43 F.R.D. 301 (C.D.Cal.1967), citing Agwi, supra. We overrule Storey, and we decline to follow Agwi.
 
 
 3
 The Agwi court relied upon some dictum in The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886), which was overruled in Moragne v. States Marine Lines, Inc., supra, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 and on other authorities which were inapposite. In The Harrisburg, the Court held that death by maritime tort could not be redressed under the general maritime law because no wrongful death action would lie under either English or American common law. Upon that premise, The Harrisburg Court also observed, by way of dictum, that "(t)he liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore to be treated as limitations of the right." (119 U.S. at 214, 7 S.Ct. at 147.) In overruling The Harrisburg, the Moragne Court pointed out that the premise of The Harrisburg was wrong. The dictum based upon the erroneous premise was also extinguished by Moragne. Before Moragne delivered the coup de grace to The Harrisburg, however, the Supreme Court had earlier discarded the dictum in Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), the reasoning of which we believe fully supports the district court's ruling on this limitations point.
 
 
 4
 Glus was an action under the Federal Employers Liability Act (45 U.S.C. §§ 51-60) to recover damages for an industrial disease that the petitioner allegedly contracted while working for the respondent. That Act contains a limitations provision stating that no action can be maintained unless it is commenced within three years from the day the cause of action accrued. The Second Circuit held that respondent's alleged fraudulent conduct could not be used to toll limitations because the limitations period was built into the statute that created the right. The Supreme Court reversed, holding that the estoppel doctrine applied to toll the limitations period of the Federal Employers Liability Act. The Court expressly refused to make an exception to the doctrine of estoppel in cases in which the statute creating the action also contained a limitations provision. The Court observed: "To be sure, language in some decisions of this Court can be taken as supporting such an exception.[11] (n. 11, Inter alia cites The Harrisburg ) But that language is dicta and is neither binding nor persuasive." (359 U.S. at 234, 79 S.Ct. at 763.)
 
 
 5
 Order vacated and cause remanded for further proceedings consistent with the views herein expressed. The parties shall bear their own costs on appeal.
 
 
 
 *
 Honorable Harry E. Claiborne, United States District Judge, District of Nevada, sitting by designation
 
 
 [1]
 The district court's memorandum opinion and order is reported. (Renner v. Rockwell International Corporation, 403 F.Supp. 849 (C.D.Cal.1975).)
 
 
 [2]
 We do not address any of the other limitations arguments that have been presented upon this appeal because they were not encompassed by the certification
 
 
 [3]
 Section 763 provides:
 "Suit shall be begun within two years from the date of such wrongful act, neglect, or default, unless during that period there has not been reasonable opportunity for securing jurisdiction of the vessel, person, or corporation sought to be charged; but after the expiration of such period of two years the right of action hereby given shall not be deemed to have lapsed until ninety days after a reasonable opportunity to secure jurisdiction has offered."