Armand E. VACHON, Plaintiff,

v.

**CANADIAN PACIFIC LIMITED,**
**Defendant.**

Civ. No. 79–107–B.

United States District Court,
D. Maine.

Nov. 25, 1981.

Paul Ryan, James F. Freeley, Jr., Boston, Mass., John Evans Harrington, Bangor, Me., for plaintiff.

Kevin Cuddy, John W. Ballou, Bangor, Me., for defendant.

**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

CYR, District Judge.

Canadian Pacific Limited,[1] a rail carrier engaged in interstate commerce under the

---

**1.** The action was brought against Canadian Pacific Railway Company. Canadian Pacific Lim-

ited [CP] accepted service and responded that its name is Canadian Pacific Limited [CP], *see* ¶ 1, Second Defense, Answer filed November 20, 1979. Pursuant to Federal Rules of Civil Procedure 4(h) and 15(b), the summons and complaint are deemed amended to conform. *See* 2 Moore's Federal Practice ¶ 4.44, at 4–559;

Federal Employers' Liability Act [45 U.S.C. § 51 *et seq.*], demands summary judgment on the pleadings and stipulated facts. The plaintiff responds that summary judgment does not lie where there is a genuine issue of material fact "concerning the jurisdiction of a Federal District Court over an action brought under the Federal Employers' Liability Act...."[2] The sole issue posed is one of law, altogether appropriate for summary adjudication.

 Plaintiff was injured as the result of an accident that occurred in Canada during the course of his employment with CP.[3] CP correctly asserts that the Federal Employers' Liability Act is presumptively territorial, *N. Y. Cent. R.R. Co. v. Chisholm*, 268 U.S. 29, 31–32, 45 S.Ct. 402, 69 L.Ed. 828 (1925), and argues that it is immaterial that the accident happened in a place long considered part of the United States for schedule and pay purposes.[4] The territorial jurisdiction of the United States district courts cannot be extended by agreement of the parties. 268 U.S. at 32, 45 S.Ct. at 402.

Plaintiff alternately maintains that there is a right of action under the Federal Employers' Liability Act because the United States has the most significant relationship to the occurrence and with the parties, citing *Pevoski v. Pevoski*, 371 Mass. 358, 358 N.E.2d 416 (1976) and Restatement of Conflicts of Laws, 2d § 145–46 (1969). A similar contention was rejected in *Cox v. Chesapeake & Ohio R.R. Co.*, 494 F.2d 349 (6th Cir.), *cert. denied*, 417 U.S. 977, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974):

> While it is true, as appellant asserts, that a number of federal and state courts have begun to reject the lex loci delictus test method of determining applicable law, *Chisholm* remains a firm restriction on the extra territorial application of F.E.

L.A. Indeed, the Supreme Court apparently added to this resolve in *Lauritzen v. Larsen*, 345 U.S. 571, 581, 73 S.Ct. 921, 927, 97 L.Ed. 1254 (1952), wherein it stated that, "[w]e have held [F.E.L.A.] not applicable to an American citizen's injury sustained in Canada while in service of an American employer." Appellant has failed to demonstrate any reasonable basis for our holding that the Supreme Court has abandoned the *Chisholm* decision, however desirable such a course may be.

494 F.2d at 350.

The defendant is entitled to summary judgment as a matter of law.

---

3 *id.* ¶¶ 15.08[5] & 15.15[4.–1], at 15–121 & 15–215.

2. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, at 3.

3. At the time of the accident, plaintiff was a crewman on CP train 907 between Brownville Junction, Maine and Megantic, Quebec, Canada. The Collective Agreement, *see* Exhibit "Z", Art. I(a), at 1, provides that American rates of pay apply along the entire 117-mile route, from terminal to terminal, notwithstanding the fact that part of the route, including the place the accident occurred, lies in Canada.

4. *See* note 3 *supra*.