**Alan BOAK, Plaintiff–Appellant,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant–Appellee.**

No. 1358, Docket 88–7222.

United States Court of Appeals, Second Circuit.

Argued June 22, 1988.

Decided June 24, 1988.

John F. Collins, Buffalo, N.Y. (Steven Diamond, Collins, Collins & DiNardo, Buffalo, N.Y., on the brief), for plaintiff-appellant.

Scott A. Barbour, Albany, N.Y. (McNamee, Lochner, Titus and Williams, Albany, N.Y., on the brief), for defendant-appellee.

Before NEWMAN, KEARSE, and CARDAMONE, Circuit Judges.

PER CURIAM:

Alan Boak appeals from a judgment of the District Court for the Northern District of New York (Thomas J. McAvoy, Judge) dismissing his damages claim against the Consolidated Rail Corporation ("Conrail") for personal injuries sustained while employed as a brakeman on a Conrail freight train operating between Massena, New York, and an unspecified Canadian terminal. Liability is asserted under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* (1982). Boak is an American citizen and a resident of New York. Conrail is a Pennsylvania corporation operating in approximately fourteen states, several of which share a border with Canada. The injury to Boak occurred at the Huntington Yard in Huntington, Quebec, Canada, approximately thirty minutes from the United States border. Judgment was granted in Conrail's favor solely on the ground that FELA does not provide a right of recovery to railroad employees injured in the course of their employment outside the territorial limits of the United States.

We affirm the judgment of the District Court under the authority of *New York Central R.R. Co. v. Chisholm*, 268 U.S. 29, 45 S.Ct. 402, 69 L.Ed. 828 (1925). That case held that FELA does not have extraterritorial effect as a matter of statutory construction. *Id.* at 31, 45 S.Ct. at 402. We therefore join in the short but unwavering line of decisions that have applied the strict rule of *Chisholm* to bar recovery under FELA by an American citizen for injuries sustained while in the service of an American employer in a foreign jurisdiction. *See Cox v. Chesapeake Ohio R.R. Co.*, 494 F.2d 349 (6th Cir.), *cert. denied*, 417 U.S. 977, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974); *Vachon v. Canadian Pacific Ltd.*, 526 F.Supp. 1186 (D.Me.1981) (residency of defendant corporation not revealed, but described as "a rail carrier engaged in interstate commerce under [FELA]"); *cf. Lauritzen v. Larsen*, 345 U.S. 571, 581, 73 S.Ct. 921, 927, 97 L.Ed. 1254 (1953) (restating holding of *Chisholm* in dictum). Even were we free to limit *Chisholm* to its particular facts, the result would remain unchanged in the pending case because it presents a factual setting indistinguishable from *Chisholm* in all material respects. *Cf. Timberlane Lumber Co. v. Bank of America*, 549 F.2d 597, 608–09 (9th Cir. 1976) (discussing relaxation of strict extraterritoriality rule in antitrust context since *American Banana Co. v. United Fruit Co.*, 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826 (1909)); Note, *Predictability and Comity: Toward Common Principles of Extraterritorial Jurisdiction*, 98 Harv.L.Rev. 1310 (1985) (discussing extraterritorial jurisdiction in various substantive areas).

We share the view of the Sixth Circuit that the Supreme Court has not abandoned the *Chisholm* decision, "however desirable such a course may be." *Cox v. Chesapeake Ohio R.R. Co.*, *supra*, 494 F.2d at 350. Until such time as the Supreme Court abandons *Chisholm* or Congress amends FELA, that statute does not provide a remedy for Boak.

The judgment of the District Court is affirmed.