## Case No. 16,976.

### The VIRGO.

[13 Blatchf. 255.] [1]

Circuit Court, E. D. New York. Feb. 19, 1876.

ADMIRALTY PRACTICE—STIPULATION FOR RELEASE — INSOLVENCY OF STIPULATORS — NEW SECURITY.

1. On a libel in rem, in the district court, against a vessel, the vessel was there discharged, on a stipulation for value. The libel was dismissed, and an appeal was taken by the libellant to this court. Thereafter the stipulators for value became insolvent, and the libellant moved, in this court, that the claimant file new security for value: *Held*, that the motion must be granted, and that the court had the power to require the claimant to furnish new stipulators, and to enforce such requirement.

[Cited in The City of Hartford, 11 Fed. 91.]

2. The effect of the appeal was to leave the libellant with the same rights in respect to stipulators as if no decree had been rendered.

3. The absence from the general admiralty rules of the supreme court, and from the rules of this court, of any provision for the case of insolvent stipulators in actions in rem, furnishes no reason for not affording the relief here sought.

[Cited in Empresa Maritima a Vapor v. North & South American Steam Nav. Co., 16 Fed. 505.]

4. Part of the obligation which a claimant in an action in rem assumes when he receives at the hands of the court property in its custody, by substituting therefor personal security, by way of a stipulation for value, is to maintain his stipulation good, in the matter of the sureties.

[Cited in U. S. v. Ames, 99 U. S. 42; The City of Hartford, 11 Fed. 91; The Haytian Republic, 8 C. C. A. 182, 59 Fed. 478.]

In admiralty.

Scudder & Carter, for libellant.

John Sherwood, for claimants.

BENEDICT, District Judge. This is a motion on the part of the libellant to compel the claimants to file new security for value, the stipulators who gave the stipulation for value in the district court, upon which the vessel was there discharged, having become insolvent. In the district court the libel was dismissed. [Case No. 16,975.] From that decree an appeal has been regularly taken by the libellant, and the cause has been duly transferred to this court, where it is now pending, upon appeal.

The claimants do not deny the insolvency of the stipulators for value, but object to being required to furnish new stipulators, upon the ground, first, that, by the decree of the district court, the libellant was found not entitled to recover any sum, which decree, it is said, absolves the claimants from liability, until reversed. But, such is not the effect of a decree made in the district court, from which an appeal is duly taken. On the contrary, the appeal renders the decree inoperative, and leaves the libellant with the same right, in respect to stipulators as if no decree had been rendered.

It is also objected, that neither the admiralty rules of the supreme court, nor those of the circuit court, provide for the case of insolvency of stipulators for value, in actions in rem. As to this objection, I remark, that, although it be true that the admiralty rules of the supreme court appear to be confined to actions in personam, it is competent for the court below to adopt rules not in conflict with the general admiralty rules of the supreme court, in regard to matters not covered by those rules. This has often been held, and, accordingly, the rules of the district court in this district, and also in the Southern district, have provided for the case of insolvency of stipulators in actions in rem. The absence from the general admiralty rules, of any provision for the case of insolvent stipulators in actions in rem, furnishes, therefore, no reason for not affording the relief here sought. Nor does the absence of any rule in the circuit court furnish such reason. The case has not been provided for in the rules of the circuit court, doubtless, because cases requiring such a rule in the circuit court are so rare, the present being the first one which I have known of. But, in the absence of a rule, the court has power to remedy the omission by order made in the cause.

Again, it is contended, that the stipulation for value given in the district court upon the discharge of the vessel, becomes a substitute for the vessel, and the sole substitute, from which it is argued, that no power exists to require any other or additional security; and the absence of any provision in the rules for cases in rem is referred to as indicating an absence of such power. But, while the stipulation for value is a substitute for the vessel, it is not the sole substitute, in such a sense as to forbid any change. If it were so, additional security could never be required when once the vessel is released; and yet the right to require additional sureties to the stipulation in the district court is declared by the rules of the court. This power has been exercised without question where one stipulator has desired to be released and another substituted, in the district court. This right has not been disputed in the district court, and, if it exists at all after the release of the vessel, it exists as well after an appeal as before, and as well when the surety has become insolvent as when a new stipulator is desired to take the place of another. I doubt not, therefore, that it is proper to say that part of the obligation which claimants in actions in rem assume, when they receive at the hands of the court property in the custody of the court, by substituting therefor personal security, by way of a stipulation for value, is to maintain their stipulation good, in the matter of the sureties.

In the present case, therefore, the libellant has the right to ask the claimants to fulfil that obligation, by furnishing new stipulators in place of those conceded to be insolvent, and, in case of their failure so to do, to

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ask that their defence be stricken out, or the performance of their obligation be otherwise enforced.