## THE FRED M. LAWRENCE.

### (District Court, E. D. New York.   May 27, 1898.)

ADMIRALTY PRACTICE—SUITS IN REM—RELEASE BOND—ADDITIONAL SECURITY.
    Under the admiralty rules of the district court for the Eastern district
    of New York, where the original sureties in a stipulation for the release
    of a vessel in an action in rem have become insolvent the court may order
    the security to be strengthened, and, in default of obedience to such order,
    may strike out the claimant's answer, and allow libelant to have a decree,
    enforceable against the claimant and such sureties, to the same extent as
    would be proper if no issue had been raised on the merits.

This was a libel in rem by the Union Marine Insurance Company, Limited, against the steam canal boat Fred M. Lawrence.

Carpenter & Mosher, for libelant.
Hyland & Zabriskie, for claimant.

THOMAS, District Judge.   The question involved on this motion is this:   May the court order the security given on the valuation of a vessel seized in an action in rem, to secure the release thereof, to be strengthened, upon the original sureties becoming insolvent; and, in default of obedience to such order, may the claimant's answer be stricken out; and the libelant allowed to have a decree, enforceable against the claimant and such sureties, to the same extent as would be proper if no issue had been raised on the merits?

The Revised Statutes (section 913) authorize the district court to make rules, not inconsistent with the laws of the United States, relative to forms and modes of procedure.   Pursuant to this power, the court of this district has established certain rules, stating under what conditions a vessel seized in an action in rem will be surrendered to a claimant thereof, and the alleged lien of the libelant thereon be released.   These rules provide that such result may be ef-

fected by the libelant giving a stipulation with sureties, as required, and that "such stipulation shall contain the consent of the stipulators, that in case of default or contumacy on the part of the principals or sureties, execution to the amount named in such stipulation may issue against the goods, chattels and lands of the stipulators." Rule 23 provides:

"In all cases of stipulations in civil and admiralty causes, any party having an interest in the subject matter may at any time on two days' notice, move the court on special cause shown for greater or better security; and any order made thereon may be enforced by attachment, or otherwise."

With such rules in existence, the libelant and his sureties, with presumptive knowledge thereof, executed a stipulation as follows:

"* * * And whereas, a claim to said vessel has been filed by Elizabeth E. Hickok, as owner, and the value thereof has been fixed by consent at thirty-four hundred dollars, as appears from said consent indorsed hereon and now on file in said court, and the parties hereto hereby consenting and agreeing that, in case of default or contumacy on the part of the claimant or her sureties, execution for the above agreed value, with interest thereof from this date, may issue against their goods, chattels, and lands: Now, therefore, the condition of this stipulation is such that if the stipulators undersigned shall at any time, upon the interlocutory or final order or decree of the said district court, or of any appellate court to which the above-named suit may proceed, and upon notice of such order or decree to Hyland & Zabriskie, Esquires, proctors for the claimant of said steam canal boat, abide by and pay the money awarded by the final decree rendered by this court or the appellate court if any appeal intervene, then this stipulation to be void; otherwise to remain in full force and virtue."

Thereupon such stipulation was tendered, and the court was asked to accept it as a consideration for the release of the vessel, and in substitution thereof. The sole purpose and object of the stipulation is to obtain the release of the vessel to the claimant. As the court no longer holds the vessel in trust for the satisfaction of any judgment that may be recovered by the libelant, and as the vessel cannot be reseized, only recourse to the stipulation can be had to secure the payment of such judgment. Hence the stipulation should be sufficient at the outstart, and its sufficiency should be maintained. Rule 23 authorizes the court to require "greater or better security" at any time, the stipulation is executed and delivered in contemplation of such rule, and the rule impliedly becomes a part of the stipulation. The stipulation is merely given in place of the res, and takes the place of a fund or property applicable to the payment of a decree in libelant's favor. The court, in effect, rules:

"If the claimant, with sufficient sureties, will give a stipulation conditioned that the claimant shall obey any lawful order or decree of the court in the action, the res may be released, and an order that 'greater or better security' be given, shall be a lawful order, within the meaning of this rule; and such terms of the court shall be deemed accepted by the claimant and his sureties, by the giving of such stipulation."

This does not mean that the valuation of the res may be increased; that is fixed once for all; but the court may direct that the security based upon such valuation be strengthened. Now, the stipulation is given in accordance with rules of court; greater or better security may be ordered at any time; and, in default of compliance with this

direction, the same rule authorizes the court to enforce the order "by attachment or otherwise"; and it has been held that this includes power to strike out the answer, if one has been interposed. The Virgo, 13 Blatchf. 255, Fed. Cas. No. 16,976; The City of Hartford, 11 Fed. 89. That this is a just exercise of power, binding on the sureties, appears from this. The stipulation is not given to enable the claimant to appear, or appear and answer. It is simply given to obtain a release of the res. The claimant may answer, whether the stipulation for the value of the res be or be not given. If he answer, the court may strike out the answer if the claimant fail to comply with its lawful order. The rules and the stipulation contemplate such action by the court. With the answer stricken out, the case proceeds to judgment as if no answer had been filed; and the sureties are then called upon, to the extent of their liability, to discharge the judgment. The sureties did not contract that they would be obligated to pay any claim of the libelant that should be established after answer filed, and a final determination of the issue thus raised in behalf of the claimant. Their liability was the same whether judgment went by default or after trial. The stipulation was to pay any judgment which the court had power to order. Certainly the court had power to order the claimant to give additional security, and in default thereof to strike out the answer, and thereafter leave the libelant to make proof of his claim, and, if he did so, to order a judgment therefor. Such a judgment is a lawful judgment, and the stipulators agreed to pay all lawful judgments, up to the amount of the valuation of the property. This conclusion is logical; accords with the rules of the court, and with the very terms of the stipulation. However, it is just that the sureties should have an opportunity to protect themselves. Hence, if the claimant fail to observe the order of the court for greater or better security, the sureties should have an opportunity to fulfill the order. In the present case the sureties may furnish such sufficient security within 10 days from the entry of an order pursuant to this opinion, and thereupon a trial of the issues raised by the libel and the claimant's answer may be had at such time as the court shall direct. Otherwise the answer will be deemed stricken out, and the libelant may proceed in the action as if no answer had been interposed.