THE FRANCES L. SKINNER.

(District Court, W. D. Washington, N. D. July 23, 1917.)

No. 3685.

ADMIRALTY ☞123—STIPULATION FOR COSTS—"GREATER OR BETTER SECURITY."

Admiralty rule 29, which provides that "in all * * * maritime causes any party having an interest in the subject-matter may at any time on two days' notice move the court on special cause shown for greater or better security," must be construed in connection with rule 8, which requires a libelant to file a stipulation with surety in the sum of $250, conditioned for the payment of all costs and expenses adjudged against him, and on motion and proper showing he may be required to increase the amount of such stipulation.

In Admiralty. Suit by Charles E. Wood against the steamship Frances L. Skinner, formerly called Sesostris; D. E. Skinner, claimant. On motion by claimant for additional security for costs. Motion granted to extent of $800.

Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for libelant.
Hastings & Stedman, of Seattle, Wash., for respondent.

NETERER, District Judge. The claimant has brought on for hearing his motion, which has been duly served and noted, to require the libelant to furnish additional security for costs in the sum of $3,000, founding his motion upon admiralty rule No. 29. He files

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

affidavit, in support of the motion, that libelant is a nonresident of this district and state; that the cause of action is based upon an agreement entered into between libelant and one Bruno J. Mijeras, a citizen and resident of Tapichula, Mexico, and that the allegations with relation to said contract in the libel are denied; that libelant claims relief to the extent of $75,000, and the claimant was required to execute a bond to the United States marshal in the sum of $80,000; that the premium on the bond is $800; that the stipulation in the sum of $250 is wholly inadequate; that it will be necessary to take testimony in Mexico, and in the city of San Francisco, and New York. No denials to the affidavit of the claimant are filed. The libelant appeared upon the hearing of the motion and objected to the entry of any order requiring additional security for costs, contending that the stipulation in the sum of $250, required by the rules, had been filed, and that rule 29 has no application.

Admiralty rule No. 8 provides that:

"No libel * * * shall be received except * * * on special order of the court, or when otherwise provided by law, unless a stipulation for costs shall first be entered into by the parties, conditioned that the principal shall pay all costs and expenses against him by the court in such cause; such stipulation to be with at least one surety, a resident of the district, or an authorized bonding company, and to be in the sum of $250.00."

Rule 29 provides that:

"In all * * * maritime causes, any party having an interest in the subject-matter, may at any time, on two days' notice, move the court on special cause shown, for greater or better security."

These two rules must be construed together. The object of a rule requiring security for costs is to save harmless a claimant in the event the libelant's claim is not well founded. The liability under this stipulation is not limited, but requires payment of all costs and expenses. Effect must be given to the words employed. Webster defines "better" as "having good qualities in a greater degree than another; greater in amount; larger; more;" and defines "great" to be "more than ordinary in degree." The ordinary or normal amount of a stipulation for costs is $250. If rule 29 does not authorize security in greater amount, consideration cannot be given to the terms employed. "Greater" or "better," I think, must be held, in view of the requirements of rule 8 to pay all costs, to imply that, when it is made to appear that the expenditures already incurred are larger than the amount of the stipulation, the claimant may require additional security, not only when the financial status and standing of the surety is impaired, but to increase the amount of the stipulation, when it is made to appear that the amount is inadequate to afford the protection which rule 8 purposes to give. That the rule has application is recognized in Lowndes v. The Phœnix (D. C.) 36 Fed. 272. The record is conclusive that the libelant has already required the outlay by the claimant of $800, and additional costs will be entailed by the taking of depositions in refutation of the claims of the libelant, and, should the court determine on the final hearing that the claim of the libelant is not well founded, the claimant would not be afforded the protection that the court rules attempt to give by the stipulation provided in

rule 8; the libelant being a nonresident of the district and state and having no property within the jurisdiction. Additional security in the sum of $800, the amount of premium paid for the bond, I think, would be ample at this time, under the record as it appears.

An order may be taken requiring additional security in the sum of $800, within 10 days.