**Petition of LIVERPOOL, BRAZIL & RIVER PLATE STEAM NAV. CO. et al.**

No. 306.

Circuit Court of Appeals, Second Circuit.

April 4, 1932.

See, also, The Vestris (D. C.) 38 F.(2d) 992, and 53 F.(2d) 847.

Bigham, Englar, Jones & Houston, of New York City, for appellants Morris B. Henrotin and others.

Hunt, Hill & Betts, of New York City, for appellants F. Brown and others.

Choate, Larocque & Mitchell, of New York City (Oscar R. Houston, Geo. Whitefield Betts, Jr., George C. Sprague, W. J. Nunnally, Jr., Ezra G. Benedict Fox, and Edna Rapallo, all of New York City, of counsel), for appellant Mary L. Stone.

Burlingham, Veeder, Fearcy, Clark & Hupper, of New York City (Van Vechten Veeder and Chauncey I. Clark, both of New York City, of counsel), for petitioners-appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The steamship Vestris sank on November 12, 1928, and carried down with it a number of passengers. Numerous actions at law and in admiralty were instituted to recover for loss of lives due to the disaster. After suits were started by these claimants, a limitation of liability proceeding was instituted by the owners of the steamship on November 22, 1929 (U. S. Code, title 46, §§ 183, 184 [46 USCA §§ 183, 184]), and at the time an ad interim stipulation for value in the sum of $90,000 was filed (U. S. Code, title 46, § 185 [46 USCA § 185]). The order entered at that time appointed a commissioner to receive proof of claims, directed a monition to issue, and enjoined the prosecution of all suits. Claims filed for loss of lives amounted to $2,000,000. Actions in admiralty were also brought. The right of recovery was based upon Lord Campbell's Act and the provisions of section 4 of the United States statute entitled "Death on the High Seas by Wrongful Act" (46 U. S. Code, § 764 [46 USCA § 764]). It is now urged that the Death on the High Seas Act is applicable, and that the death actions are not subject to limitation under the statute. The court below so held.

Thereafter the claimants moved for additional security and for an order "modifying the injunction heretofore issued herein, dated November 22, 1929, so as to permit any such claimant to attach property of the petitioners in this district or to take such measures, within this district or elsewhere, as he may desire, to obtain security for his claim in this proceeding; and for such other and further relief as may be just." It is urged that the death claims in these suits are for such large amounts over and above the $90,000 ad interim stipulation that the court in the exercise of its equity jurisdiction should require additional security; also that the injunction should be dissolved so as to permit the claimants to proceed in their actions at law. We said in The Rambler, 290 F. 791, in a limitation proceeding: "The form of the prayer indicates the two branches of investigation, which must be pursued on every such petition. The first duty of the court is to ascertain whether any liability exists, and if none exists there is an end of the matter. But if liability be found, and loss or damage be shown, the second inquiry is whether such loss or damage was or was not 'done, occasioned or incurred without the privity or knowledge' of the shipowner petitioner."

A limitation proceeding is intended to adjudicate the rights of all parties there involved, with the thought of avoiding a multiplicity of suits. Hartford Accident Co. v. Southern Pac. Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612; Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 S. Ct. 379, 617, 27 L. Ed. 1038. Since it was determined below that section 4 of the Death on the High Seas Act (46 USCA § 764) is applicable and thereby these claimants are not subject to limitation, they should no longer be enjoined from proceeding with their actions which were stayed by reason of the Limitation of Liability Act provisions; the statutory injunction implied by the provisions of section 185, U. S. Code, title 46 (46 USCA § 185), is no longer operative. The Mamie, 110 U. S. 742, 4 S. Ct. 194, 28 L. Ed. 312.

The appellants urge that, having been drawn into these proceedings by the action of the appellee and having been held there for decision on the merits of their claims, asserting liability on the part of the owners of the Vestris, they have certain equities which entitle them to further protection in an admiralty court by way of a bond for additional security. They call our attention to Admiralty Rule 10 of the District Court which provides for the right to move for greater or better security for good cause shown, and urge that this is broad enough to include the relief they now seek. Admiralty Rule 51 of the Supreme Court (28 USCA § 723) governs the procedure which a vessel owner, desiring to claim the benefit of the limitation statute, may follow, and the 53d Rule relates to the defense to claims in limited liability proceedings. Both rules, however, are formulated to mark the procedure to be followed when a vessel owner wishes to take advantage of the Limitation Act (U. S. Code, title 46, §§ 163–185 [46 USCA §§ 183–185]). Where both liability and privity are disclaimed, the court may determine, first, that fault has been proved but not privity; second, that no fault has been proved; or, third, that both fault and privity have been proved. Where fault has been proved, but not privity, the liability is limited to the res, and the fund is distributed among the claimants. Where no fault is established, there is nothing to limit, and the decree must be entered exonerating petitioner from all liability, and there the matter ends. The 84–H, 296 F. 427 (C. C. A. 2). Where both fault and privity are found, the admiralty court is vested with jurisdiction, not only to determine the right of the petitioner to the benefit of the statute, but, in case it denies such right, to enforce the rights of the damaged claimants in full. Hartford Accident Co. v. Southern Pac. Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612. But there is neither authority nor reason for concluding that, because the jurisdiction of the admiralty court has been invoked, that in itself created some right available to claimants by way of requiring security in addition to the res, the value of which has been fixed by an ad interim stipulation in the limitation proceeding. In such limitation proceeding, there is always the question of liability involved. These claimants had proceeded in personam, and, with the injunction removed and limitation denied, their status is not changed, and they may proceed accordingly.

Supreme Court Admiralty Rule 8 (28 USCA § 723), which is referred to, is entitled "Reduction of Bail, Bond or Stipulation —New Sureties," and provides: "In all suits either in rem or in personam, where bail is given or a bond or stipulation is taken, the court may, on motion, for due cause shown, reduce the amount of such bail or may reduce the amount of security given by either bond or stipulation; and in all cases, either in rem or in personam, where a bond or stipulation is given, if either of the sureties or the corporate surety shall be or become insufficient or the security for costs shall for any reason be insufficient pending the suit, new or additional security may be required by order of the court on motion." But this rule has applicability, in so far as additional security is concerned, only where the amount of the stipulation already given or the value of the vessel and her pending freight have been understated. It was not intended to apply as a penalty for improperly enjoining, in a limitation proceeding, suits in personam for death claims. Such claims are unliquidated, and to order increased security therefor would be giving to unliquidated claims in personam greater and better security than they might have in actions at law. Cases are cited where new and additional sureties have been required when an original surety has become insolvent, as in The Fred M. Lawrence (D. C.) 88 F. 910, affirmed 94 F. 1017 (C. C. A. 2); The Virgo, Fed. Cas. No. 16,976, 13 Blatchf. 255 (E. D. N. Y.); The City of Hartford, 11 F. 89 (D. C. S. D. N. Y.); The Phœnix, 36 F. 272 (D. C. S. C.), or where a stipulation has been arranged without actual arrest and increased security not to exceed the value of the vessel was required for cause shown, as in The I. F. Chapman, 241 F. 836 (C. C. A. 1), and The Frances L. Skinner,

248 F. 816 (D. C. Wash.). Such cases are not analogous and have no application here.

The District Court had the power, however, to modify the injunction restraining other actions, and should have done so to permit appellants to proceed in their actions in personam. In re Morrison, 147 U. S. 14, 13 S. Ct. 246, 37 L. Ed. 60; Galveston Dry Dock & Construction Co. v. Standard Dredging Co., 40 F.(2d) 442 (C. C. A. 2). The District Court may, within its jurisdiction, modify its injunction order so as to permit other tribunals to proceed not inconsistently with the full exercise of its own authority. The Salvore, 36 F.(2d) 712 (C. C. A. 2); In re Oceanic Steam Navigation Co. (The Titanic), 204 F. 260 (C. C. A. 2).

Although the jurisdiction of the admiralty court had already attached to these actions by the limitation proceeding, where the right of limitation is shown not to exist as against them, the court will not defeat the rights of the appellants to proceed in their actions in personam where common-law remedies may be applied. Langnes v. Green (The Aloha), 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520.

The decree will be modified so as to vacate the injunction and permit any death claimant to attach the property of the petitioners in this district or take other steps to obtain security for their claims, but that part of the order denying the application for additional security is affirmed.

Decree modified.