**THE QUARRINGTON COURT.**

Petition of COURT LINE, Limited.
No. 249.

Circuit Court of Appeals, Second Circuit.
March 29, 1939.

Kirlin; Campbell, Hickox, Keating & McGrann, of New York City (L. DeGrove

Potter and Joseph Whelan, both of New York City, of counsel), for claimant-appellant, Isthmian S. S. Co.

Haight, Griffin, Deming & Gardner, of New York City (Wharton Poor and David L. Corbin, both of New York City, of counsel), for respondent-appellee Court Line, Ltd.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and John W. R. Zisgen, both of New York City, of counsel), for cargo claimants.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The steamship Quarrington Court sank in the Red Sea on December 7, 1937, with all her cargo. On or about May 17, 1938, the cargo owners and underwriters brought suit in admiralty in the Southern District of New York against Court Line, the owner, and Isthmian Steamship Company, the time charterer, to recover $439,587.41 for loss of cargo. In that suit the charterer filed a third party petition impleading Court Line, Ltd., pursuant to the 56th Admiralty Rule, 28 U.S.C.A. following section 723, alleging that if Isthmian should be found liable for loss of the cargo it would be entitled to indemnity from Court Line on account of the latter's breach of warranties contained in the charter party and because of matters for which Court Line had assumed liability under the charter. As the amount of damages claimed far exceeded the interest of Court Line in the vessel and her pending freight Court Line, on June 2, 1938, filed a petition for exoneration from or limitation of liability.

The charter party was in the usual government form in which the owner warranted that the vessel was seaworthy and agreed to maintain her in that condition. It contained a clause providing that any dispute arising between the parties should be referred to arbitrators in London. Upon filing its petition in limitation Court Line obtained an injunction staying the prosecution of any suits in any court except in that proceeding and at the same time obtained a monition requiring all

persons having claims against it to appear and file them therein. On or about June 9, 1938, Court Line filed an amendment to its limitation petition setting up the subjoined arbitration provision[1] of the charter party and demanding that in the event that Isthmian filed claim against it the claim should be arbitrated in London and that such arbitration proceedings should be excepted from the injunction in the limitation proceeding. Later in June, 1938, the cargo claimants and underwriters filed claims for the amounts originally sued for. Isthmian filed its claim alleging that if cargo libellants should be entitled to recover against it, then, because of the terms of the charter party, Isthmian would be entitled to full indemnity from Court Line. Isthmian further claimed the right to recover $75,260 for loss of freight which it would have earned, if the cargo had been delivered. In July, 1938, Court Line moved in the limitation proceeding for an order staying all proceedings by Isthmian until arbitration of the issues between Court Line and Isthmian should be had in accordance with the arbitration clause of the charter party we have referred to. That motion for a stay was made pursuant to Section 3 of the Arbitration Act, 9 U.S.C.A. § 3, which reads as follows:

"*Stay of proceedings where issue therein referable to arbitration.* If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

The court below overruled exceptions by Isthmian to the amendment which Court Line filed to its petition, setting up the arbitration clause of the charter party and demanding that the claim of Isthmian should be arbitrated in England and that

---

[1] 17. That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at London, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court.

the arbitration should be excepted from the injunction in the limitation proceeding. The court also granted the motion of Court Line to stay proceedings by Isthmian until the arbitration should be disposed of. From the order entered on this decision of the District Court Isthmian appeals. We hold that Court Line should be required to adjust its disputes with Isthmian in the limitation proceeding and not seek to have two strings to its bow in order that it may invoke limitation or exoneration in the arbitration proceeding under the English law and, if it fails, still seek similar relief under ours.

■ The purpose of a limitation proceeding is not merely to limit liability but to bring all claims into concourse and settle every dispute in one action. As was said by the Supreme Court in Metropolitan Redwood Lumber Co. v. Doe, The San Pedro, 223 U.S. 365, 371, 32 S.Ct. 275, 56 L.Ed. 473, Ann.Cas.1913D, 1221: "The very nature of the proceeding is such that it must be exclusive of any separate suit against an owner on account of the ship." Here Court Line instituted the limitation proceeding and by means of it stayed the prosecution of the libel of the cargo owners and underwriters and the prosecution of the intervening petition of Isthmian for recovery against Court Line in the event it should be held liable to cargo. But for the limitation proceeding Court Line would have been subjected to litigation by the cargo owners and underwriters without surcease and without any chance to bring them into concourse.

The general desirability of bringing all claims into concourse when once a limitation proceeding has been instituted and the plain jurisdiction of the court to effect such a result was clearly stated by the Supreme Court in Hartford Accident & Indem. Co. v. Southern Pacific Co., 273 U.S. 207, 215, 47 S.Ct. 357, 359, 71 L.Ed. 612: "It is quite evident from these cases that this court has by its rules and decisions given the statute a very broad and equitable construction for the purpose of carrying out its purpose, and for facilitating a settlement of the whole controversy over such losses as are comprehended within it, and that all the ease with which rights can be adjusted in equity is intended to be given to the proceeding. It is the administration of equity in an admiralty court. Dowdell v. United States District Court [9 Cir.], 139 F. 444, 445. The pro-

ceeding partakes in a way of the features of a bill to enjoin a multiplicity of suits, a bill in the nature of an interpleader, and a creditor's bill. It looks to a complete and just disposition of a many cornered controversy, and is applicable to proceedings in rem against the ship as well as to proceedings in personam against the owner, the limitation extending to the owner's property as well as to his person. The City of Norwich, 118 U.S. 468, 503, 6 S.Ct. 1150, 30 L.Ed. 134." See, also, Butler v. Boston & S. Steamship Co., 130 U.S. 527, 552, 9 S.Ct. 612, 32 L.Ed. 1017; Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U.S. 578, 594, 3 S.Ct. 379, 27 L.Ed. 1038, and concurring opinions of Justices Brandeis and Stone in Spencer Kellogg & Sons v. Hicks, 285 U.S. 502, 515, 52 S.Ct. 450, 76 L.Ed. 903.

■■ It is true that in Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, it was held that a state court should be allowed to determine the amount of damages to be awarded a claimant in a common law action pending in that court at the time a petition to limit liability was filed, but that the determination of the right to limit should remain in the admiralty court and the claimant should be restrained from continuing the prosecution of the action in the state court if he insisted on putting the owners' right to limit liability in issue. Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. There was but one claimant in the limitation proceeding in Langnes v. Green and Ex parte Green. These decisions show that the admiralty court has jurisdiction over the claimants in a limitation proceeding but that, as a matter of sound discretion, it should allow a single claimant to establish the amount of his claim in a common law action brought before the institution of the limitation proceeding where no danger of the presentation of other claims is found to exist. The present situation is quite different. There are many claims presented which Court Line wishes to have brought into concourse and only one, that of Isthmian, that it seeks to have excepted from the limitation proceeding. The district judge thought the resort to arbitration of disputes between the owner and charterer differs little from a settlement between one claimant and an owner who is left to fight out the merits in the courts with the other claimants. It seems to us that the difference

is great. An owner may defend an independent suit brought against him before a limitation proceeding is begun, or may compromise a claim under like circumstances, and still require all claimants to establish their rights in the limitation proceeding. Larsen v. Northland Transportation Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096; The Benefactor, 103 U.S. 239, 26 L.Ed. 351. See The Scotland, 105 U.S. 24, 26 L.Ed. 1001. But after the limitation proceeding has begun steps outside of that proceeding which would affect the fund should not be allowed for they would involve a negation of one of the important purposes of such proceedings and a well established practice. Benedict on Admiralty (5th Edition) § 480.

 Court Line chose to begin the proceeding for exoneration or limitation of liability and Isthmian filed its claim therein. Thus Court Line invoked the remedies of the limitation statute before attempting to resort to arbitration. It might have stayed Isthmian under § 3 of the Arbitration Act, Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, but, had it done so, would have been subject to suit by the cargo owners and underwriters. After seeking to limit liability with respect to all claimants, including Isthmian, it cannot be allowed to try the cargo claims in the admiralty court and those of Isthmian before the arbitrators in England. The proctors for Court Line suggest that the arbitrators may determine the right to limit as well as the amount of Isthmian's claims. Such a determination should not be allowed outside of the limitation proceeding, particularly at the instance of an owner who invoked the proceeding for its own benefit. Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. Cf. The Titanic, 233 U.S. 718, 34 S.Ct. 754, 58 L. Ed. 1171. We are referred to no decision where the courts have excepted certain claims from adjudication in a limitation proceeding (unless, like the death claims involved in Petition of Liverpool, Brazil & River Plate Steam Nav. Co., 2 Cir., 57 F.2d 176, they were claims outside of the scope of the limitation statute) and such decisions as have involved situations like the present, point in a different direction. Spencer Kellogg & Sons v. Hicks, 285 U.S. 502, at page 516, 52 S.Ct. 450, 76 L.Ed. 903; Hartford Accident Co. v. Southern Pacific Co., 273 U.S. 207, at pages 217–218, 47 S.Ct. 357, 71 L.Ed. 612; Alaska Packers Ass'n v. Marshall, 9 Cir., 95 F.2d 279. In the case at bar the claims of Isthmian are not outside the scope of the limitation act. Where the proceeding may result in the limitation of the claimants to a single fund, it seems to us desirable to preserve the uniformity of administration which would result from the adjudication of all the claims by a single tribunal.

Court Line having invoked the admiralty procedure, when it might have resorted to arbitration, ought not to be allowed to abandon its position and to have its disputes determined in different tribunals. The occasions in which claims may be adjudicated outside of a limitation proceeding are rare and we can see no reason for exercising judicial discretion to permit an owner to require arbitration of the rights of one of several claimants. Accordingly the order of the District Court should be reversed and petitioner's motion for a stay pending arbitration should be denied.

Order reversed.