GROENEVELD COMPANY, INC., and Caribmar Forwarding, Plaintiffs,

v.

M.V. NOPAL EXPLORER, etc., in rem; Koala Shipping & Trading, Inc., and Concorde/Nopal Line, in personam, Defendants.

Nos. 83 Civ. 5517, 83 Civ. 6226 (KTD).

United States District Court,
S.D. New York.

Feb. 2, 1984.

Donovan, Maloof, Walsh & Kennedy, New York City, for various cargo claimants; Donald E. Kennedy, Judith A. Machmer, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for Barber Blue Sea Line and Nordana Line; Vincent De Orchis, New York City, of counsel.

Nourse & Bowles, New York City, Hayden & Milliken, P.A., Miami, Fla., for Concorde/Nopal Line; Lawrence J. Bowles, New York City, Reginald M. Hayden, Miami, Fla., of counsel.

McLaughlin, Simone & Lawlor, New York City, for various claimants; John R. Seybert, New York City, of counsel.

Bleakley, Platt, Remsen, Millham & Curran, New York City, for Mut. Marine Office, Inc. and Marine Managers for Utica Mut. Ins. Co.; A. Wax, New York City, of counsel.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiffs; Thomas E. Willoughby, New York City, of counsel.

Healy & Baillie, New York City, for Koala Shipping & Trading Inc.; John D. Kimball, Elisa M. Pugliese, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

On July 13, 1983, the M.V. Nopal Explorer capsized in the waters of the Dominican Republic. Cargo claimants, Groeneveld Company ("Groeneveld") and Caribmar Forwarding ("Caribmar") filed an action against the vessel *in rem*, the owner of the vessel, Koala Shipping & Trading, Inc. ("Koala"), and the charterer of the vessel, Concorde/Nopal Line ("Nopal"). Koala filed its own limitation of liability action. By endorsement dated November 29, 1983, these actions were consolidated and transferred to the United States District Court for the Southern District of Florida. Groeneveld moved to reargue the decision to transfer and Koala moved for an order vacating that order. In a memorandum and order dated January 10, 1984, I granted the motion to reargue and after considering the documents in opposition to the transfer of the action, including those docu-

ments that were not provided to me on the original motion, I denied the motion to transfer the action.

Three motions are currently before me. First, Nopal moves for an order vacating the memorandum and order dated January 10, 1984. Second, claimants Commercial Union Insurance Co., John Swire & Sons (Japan) Ltd., William N. Feinstein & Co., and Albert Boulogne Et Fils moves for an order permitting the filing of claims *nunc pro tunc* with the same force and effect as if the claims had been filed within the allotted time. Finally, Koala moves, pursuant to 9 U.S.C. § 3, for a stay pending arbitration between Nopal and Koala.

For the reasons set forth below, I make the following rulings: Nopal's motion to reargue is denied the motion to file claims *nunc pro tunc* is granted, and Koala's motion for a stay pending arbitration is granted but only as to the arbitrable claims between Koala and Nopal.

## DISCUSSION

### I.

■ Nopal moves for an order vacating my memorandum and order dated January 10, 1984 on the ground that the "court has misapprehended or overlooked material facts and/or misapplied the applicable law." Nopal also requests a hearing on this matter. The request for a hearing is denied.

In support of its motion for an order vacating my decision to not transfer the action, Nopal asserts the following arguments:

1. The parties' initial failure to file all motion papers with me should be excused;

2. I overlooked and/or misapprehended material facts concerning Nopal's and Koala's connection with New York, the location of the interested shippers, the amenability of certain potential third-party defendants to jurisdiction in New York and the direction to which· the balance of conveniences assertedly tips.

My January 10th decision was not based on the parties' failure to provide me with the papers on the initial motion to transfer or on the fact that Mr. Hayden, in his affidavit, represented that Nopal had "absolutely no nexus with New York" when in fact they had an office here. My reasons were adequately set forth in the January 10th decision. Accordingly, for those reasons Nopal's motion to reargue is denied.

### II.

■ Claimants Commercial Union Insurance Co., John Swire & Sons (Japan) Ltd., William N. Feinstein & Co., and Albert Boulogne Et Fils move pursuant to Supp. Fed.R.Civ.P. F(4) to file claims *nunc pro tunc* with the same force and effect as if said claims had been filed before December 9, 1983, which was the final deadline set by Judge Goettel for the filing of such claims.

In view of the confusion surrounding the forum non conveniens motion and the consolidation of the *Koala* and *Groeneveld* actions, these motions are granted.

### III.

■ Koala seeks a stay of this action pending arbitration pursuant to 9 U.S.C. § 3. Section 3 of the Federal Arbitration Act provides that:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall ... stay the trial of the action ....

9 U.S.C. § 3 (emphasis supplied); *see Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967) (court may only consider issues relating to the making and performance of the agreement to arbitrate). A stay pending arbitration should not be denied on discretionary considerations such as promoting judicial economy. *See C. Itoh & Co. (America) Inc. v.*

*Jordan International Co.*, 552 F.2d 1228, 1231 (7th Cir.1977).

In a demand for arbitration dated July 20, 1983, Koala invoked the arbitration provision of the charter and nominated Alexis Nicholas to serve as one of the three arbitrators. Nopal thereafter appointed Jack Berg as the second arbitrator to serve on the panel. Koala then filed a limitation of liability complaint on August 15, 1983 and on October 28, 1983, Nopal filed a $3,000,-000 claim for the loss of cargo.

The arbitration provision in the charter provides that "should any dispute arise between the Owners and the Charterers," it would be arbitrated by a panel of three in New York. Affidavit of John Kimball at 2. It appears clear that the dispute between Nopal and Koala is clearly within the broad purview of the charter's arbitration provision.

■ An agreement to arbitrate has been characterized as a "specialized forum selection clause," *see Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516, 94 S.Ct. 2449, 2455, 41 L.Ed.2d 270 (1974), and the filing of a limitation of liability action does not act as a waiver of a forum selection clause, *see M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972). However, in deciding a motion seeking a stay pending arbitration, all of the proceedings to date must be considered. *See Liggett & Myers, Inc. v. Bloomfield*, 380 F.Supp. 1044, 1046–47 (S.D.N.Y.1974).

■ The limitation proceeding instituted by Koala makes possible the resolution of competing claims and the marshalling of assets when the asserted claims exceed the value of the freight or vessel. Citing *The Quarrington Court*, 102 F.2d 916 (2d Cir.), *cert. denied sub. nom Court Line v. Isthmian*, 307 U.S. 645, 59 S.Ct. 1043, 83 L.Ed. 1525 (1939), Nopal asserts that there exists a "principle of concursus" exception to 9 U.S.C. § 3 which operates when a limitation of liability action has been instituted. Although the Second Circuit in *The Quarrington Court* denied the owner's application for a stay pending arbitration, *see id.*

at 919, the facts in that case significantly differ from those present here.

In *The Quarrington Court*, the owner moved for an order staying *all* proceedings *after* filing the limitation of liability petition. The charter's arbitration clause provided that the arbitration would be held in London. The law to be applied by the panel was English.

Here, Koala demanded arbitration and appointed its arbitrator prior to filing a limitations action. The stay sought by Koala referred only to the arbitrable claims between Koala and Nopal and not the entire proceeding. The arbitration between Koala and Nopal is to take place in New York under the charter's arbitration clause. *See In re Delphinus Maritima, S.A.*, 1982 AMC 796, 808 (S.D.N.Y.1982) (arbitration between charterer and owner in New York concerning indemnity claims between them).

This action concerns many issues outside the scope of the arbitration clause and has proceeded sufficiently far to make the granting of a stay of the whole action a waste of judicial time. In addition, the claimants who are not parties to the charter would be prejudiced by the granting of a stay of the entire proceedings. Finally, Koala, who now seeks the stay pending arbitration, was the party who originally filed the limitation of liability action.

There is no reason why arbitration to determine the relative liability between Koala and Nopal cannot proceed simultaneously with this action. *See Miley v. Oppenheimer & Co.*, 637 F.2d 318, 336 (5th Cir.1981), *reh'g denied*, 642 F.2d 1210 (5th Cir.1981); *cf., Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1026 (11th Cir.1982) (stay as to only those claims that are arbitrable). The limitations proceeding can provide the forum in which the available assets may be marshalled. The relative liability of Koala and Nopal can be expeditiously determined in arbitration. Accordingly, Koala's motion to stay pending arbitration is granted as to Nopal's claim against Koala provided there is a prompt resolution of this issue.

In sum, Nopal's motion to reargue the memorandum and order dated January 10, 1984, is denied. The motions to file claims *nunc pro tunc* are granted and Koala's motion for a stay pending arbitration of the claims between Nopal and Koala is granted.

SO ORDERED.